[This opinion has been published in *Ohio Official Reports* at 75 Ohio St.3d 280.]

DRESHER ET AL., APPELLEES, *v*. BURT; ST. ELIZABETH MEDICAL CENTER, APPELLANT.

[Cite as *Dresher v. Burt*, 1996-Ohio-107.]

*Civil procedure—Standards for granting summary judgment under Civ.R. 56 when a moving party asserts that a nonmoving party has no evidence to establish an essential element of the nonmoving party's case—Civ.R. 56, construed and applied.*

(No. 94-2612—Submitted January 10, 1996—Decided March 6, 1996.)

CERTIFIED by the Court of Appeals for Montgomery County, No. 13088.

———————

{¶ 1} The case at bar is one of many winding its way through Ohio's court system relating to the infamous surgical practices of Dr. James C. Burt during his former service at St. Elizabeth Medical Center ("SEMC") in Dayton. We have previously addressed two similar cases involving Burt's former practice of performing "Love Surgery" or "vaginal reconstruction surgery" at SEMC. See *Browning v. Burt* (1993), 66 Ohio St.3d 544, 613 N.E.2d 993. Many of the underlying facts in this appeal are strikingly similar to the facts in *Browning*. Indeed, our holdings in *Browning*[1] have resolved a number of matters that were

———————

1. In *Browning v. Burt* (1993), 66 Ohio St.3d 544, 613 N.E.2d 993, paragraphs one through five of the syllabus, this court held that:

"1. Hospital negligence arising out of the 'care' of a patient is a 'medical claim' within the meaning of R.C. 2305.11(D)(3) and is subject to the period of limitations set forth in R.C. 2305.11(B)(1). 'Care' as used in R.C. 2305.11(D)(3) is the prevention or alleviation of a physical or mental defect or illness.

"2. Negligent credentialing of a physician by a hospital is not 'medical diagnosis, care, or treatment' within the meaning of R.C. 2305.11.

"3. An action against a hospital for bodily injury arising out of the negligent credentialing of a physician is subject to the two-year limitations period set forth in R.C. 2305.10.

formerly at issue in this case. However, the sole remaining issue in this appeal involves a question that is unrelated to the matters addressed in *Browning*. The question here involves the standards for granting summary judgment under Civ.R. 56 when a moving party asserts that a nonmoving party has no evidence to establish an essential element of the nonmoving party's case. The facts and events giving rise to this appeal are as follows.

{¶ 2} On September 8, 1989, Judy K. Dresher ("Dresher") and her husband, Larry E. Dresher, appellees, filed a complaint in the Court of Common Pleas of Montgomery County against Dr. Burt and appellant, SEMC. Dresher alleged that on or about December 17, 1970, following the delivery of her child at SEMC, Dr. Burt negligently, willfully, wantonly and fraudulently performed unnecessary and experimental vaginal reconstruction surgery upon her without her consent, restructuring her genital organs into an abnormal, non-functional configuration. Dresher claimed that SEMC knew or should have known that Dr. Burt was performing experimental surgery on female patients at the hospital, and that SEMC "negligently and fraudulently concealed the * * * facts known to them, from the plaintiff, which if revealed to plaintiff would have prevented such surgery and the resulting injuries." She also claimed, among other things, that SEMC negligently permitted Dr. Burt to perform the unnecessary and experimental surgery at SEMC by failing to provide adequate peer review of Dr. Burt, by failing to investigate Burt's qualifications and practices, and by failing to protect Dresher from a known incompetent physician.

{¶ 3} In her complaint, Dresher sought recovery from Dr. Burt for medical malpractice. She sought recovery from SEMC for, among other things, negligent

---

"4. The period of limitations set forth in R.C. 2305.10 commences to run when the victim knows or should have discovered that he or she was injured as a result of the hospital's negligent credentialing procedures or practices.

"5. R.C. 2305.25 does not provide a hospital with immunity from liability for the hospital's negligence in granting and/or continuing the staff privileges of an incompetent physician."

credentialing, *i.e.*, for SEMC's alleged negligence in granting and/or continuing Dr. Burt's staff membership or professional privileges at the hospital. Larry Dresher sought recovery from Dr. Burt and SEMC for loss of consortium.

{¶ 4} Dr. Burt failed to respond to the complaint and, upon motion, appellees obtained a default judgment against him. SEMC answered the complaint and asserted a defense based upon the "applicable statute of limitation." During discovery, SEMC deposed Dresher to establish its statute-of-limitations defense. Additionally, in July 1990, SEMC served appellees with a request for admissions and for production of documents. See Civ.R. 36 and 34, respectively. Specifically, SEMC requested that appellees admit to having no documents or other evidence to support their claims against SEMC and, in the event that appellees denied the requests for admissions, SEMC sought production of all documents supporting such denial(s). In response to these requests, appellees denied that they had no documents or other evidence substantiating the claims against SEMC, but objected to the requests for production of documents as improper and "overbroad."[2]

---

2. Several of SEMC's requests for admissions and for production of documents, and appellees' corresponding responses, were as follows:

"[Request for Admission:] 1. Admit that Plaintiffs possess no documents, statements, or other proof supporting their allegation that * * * [SEMC] negligently and fraudulently concealed facts from Plaintiff Judy Dresher.

"[Response:] Plaintiff refuses to admit such fact because plaintiff certainly does have such records which include plaintiff's hospital record from SEMC, Dr. Burt's office records and Houston letter, Book 'Surgery of Love', testimony of Dr's [*sic* Drs.] Hilty and Reiling, Nancy Goodman, and others. Plaintiff is in the early discovery of this case and may be able to obtain such documents from the SEMC Board of Trustees * * *, and other substantiating documents and information.

"[Request for Production:] 2. If Plaintiffs' response to No. 1 above is anything other than an unqualified admission, produce each and every document which supports Plaintiffs' complete or partial denial of No. 1.

"[Response:] Plaintiff has executed a medical release relating to medical records. * * * Discovery is in process. OBJECTION -- overbroad -- not a proper request, Fails to sufficiently identify requested documents.

"* * *

"[Request for Admission:] 9. Admit that Plaintiffs possess no documents, communications, statements, or other evidence pre-dating December 17, 1970 to support their claim in Paragraph 14 of the Complaint that 'St. Elizabeth Medical Center was aware or should have been aware that Defendant James Burt, M.D. was performing non-scientific, non-acceptable and

{¶ 5} In August 1990, SEMC filed a motion for summary judgment on all claims asserted against SEMC. In a memorandum in support of the motion, SEMC argued that summary judgment was appropriate for several reasons. First, SEMC argued that appellees' claims against SEMC were time-barred by the one-year

experimental surgery on female patient's sexual organs, without such patient's knowledge or consent.'

"[Response:] Denied

"[Request for Production:] 10. If Plaintiffs' response to No. 9 above is anything other than an unqualified admission, produce all documents which support Plaintiffs' complete or partial denial of No. 9.

"[Response:] Objection -- improper request 'All Documents' fails to request designated documents. Overbroad * * * [-- Civ.R. 34(A) and (B) -- the request fails to describe the documents with reasonable particularity].

"[Request for Admission:] 11. Admit that Plaintiffs possess no documents, communications, statements, or other evidence pre-dating December 17, 1970 to support their allegation in Paragraph 20(b) of the Complaint that * * * [SEMC] failed to 'investigate the abilities, qualifications and practices of James Burt, M.D.'

"[Response:] Deny

"[Request for Production:] 12. If Plaintiffs' response to No. 11 above is anything other than an unqualified admission, produce all documents which support Plaintiffs' complete or partial denial of No. 11.

"[Response:] Objection -- 'All Documents' is not a proper request -- overbroad and fails to sufficiently designate any documents with reasonable particularity.

"[Request for Admission:] 13. Admit that Plaintiffs possess no documents, communications, statements, or other evidence pre-dating December 17, 1970 which support Plaintiffs' allegations in Paragraph 20(d) of the Complaint that * * * [SEMC] failed to provide proper and adequate peer review and quality control.

"[Response:] Deny

"[Request for Production:] 14. If Plaintiffs' response to No. 13 above is anything other than an unqualified admission, produce all documents which support Plaintiffs' complete or partial denial of No. 13.

"[Response:] Objection -- 'All Documents' is not a proper request -- overbroad and fails to sufficiently designate any request[ed] documents * * * [Civ.R. 34 (A) and (B)] with reasonable particularity.

"[Request for Admission:] 15. Admit that Plaintiffs possess no documents, communications, statements, or other evidence pre-dating December 17, 1970 which support Plaintiffs' allegations in Paragraph 20(e) of the Complaint that * * * [SEMC] was negligent in failing to remove James Burt, M.D. from the hospital's medical staff.

"[Response:] Deny

"[Request for Production:] 16. If Plaintiffs' response to No. 15 above is anything other than an unqualified admission, produce all documents which support Plaintiffs' complete or partial denial of No. 15.

"[Response:] Objection -- 'All documents' is an improper request -- overbroad and fails to designate any requested documents with reasonable particularity * * * [Civ.R. 34(A) and (B)]."

statute of limitations for "medical claims" set forth in R.C. 2305.11(B)(1) and/or the two-year statute of limitations for bodily injury actions set forth in R.C. 2305.10. Second, SEMC argued that, pursuant to R.C. 2305.25, it was immune from liability for any acts, omissions and decisions in connection with peer review. Third, SEMC asserted that appellees had no evidence to substantiate the claim for negligent credentialing, arguing that "[t]he * * * allegations of negligence * * * are pertinent to this case, if at all, only if they *precede* Ms. Dresher's date of delivery and surgery by Dr. Burt on December 17, 1970. * * * Otherwise, such (alleged) acts or omissions could not possibly be deemed to have proximately caused Ms. Dresher's injuries. Plaintiffs lack any proof to support the * * * allegations, none exists, and, accordingly, SEMC is entitled to summary judgment." (Emphasis *sic*.) To support this argument, SEMC relied upon appellees' responses to the request for admissions and for production of documents which, according to SEMC, demonstrated that appellees had no proof to substantiate the negligent credentialing claim. Finally, SEMC argued that it was entitled to summary judgment on Larry Dresher's loss-of-consortium claim because Judy Dresher's injuries had occurred prior to appellees' marriage.

**{¶ 6}** Dresher responded to the motion for summary judgment and specifically addressed SEMC's contentions regarding the statute-of-limitations issue.[3] However, Dresher never specifically responded to SEMC's argument that there was no evidence to establish that SEMC knew or should have known of Dr. Burt's incompetence *prior to the date of Dresher's 1970 "Love Surgery"* and that,

---

3. In response to SEMC's argument that it was entitled to summary judgment on the basis of the applicable statute of limitations, Dresher pointed to portions of her deposition testimony and offered two supporting affidavits. The deposition and affidavits indicated that Dresher did not know until October 30, 1988, that she may have been the victim of Dr. Burt's experimental surgery. On that date, Dresher had viewed a "West 57th Street" television program concerning Dr. Burt's surgical practices, and realized that her symptoms were the same as those discussed by Burt's ex-patients appearing on the show. In 1989, Dresher was examined by a physician who informed her that she had been the victim of Dr. Burt's "Love Surgery."

therefore, Dresher lacked proof of essential elements of her negligent credentialing claim.

{¶ 7} On September 5, 1991, the trial court issued a decision in this case and in eighteen other consolidated cases granting summary judgment in favor of SEMC.[4] The trial court found, among other things, that the causes of action against SEMC in each of the consolidated cases were time-barred and/or that SEMC was immune from liability for negligent peer review pursuant to R.C. 2305.25. The trial court did not address SEMC's contentions in Dresher's case that SEMC was entitled to summary judgment due to Dresher's lack of proof on essential elements of the negligent credentialing claim.

{¶ 8} Appellees appealed to the court of appeals. On March 2, 1992, the court of appeals ordered the appeal to be held in abeyance pending this court's decision in *Browning, supra,* 66 Ohio St.3d 544, 613 N.E.2d 993. After the release of our decision in *Browning*, the court of appeals vacated the stay and ordered the appeal to proceed to determination. Thereafter, the court of appeals, applying *Browning*, reversed that portion of the trial court's judgment that had granted summary judgment in favor of SEMC on the claim for negligent credentialing. Specifically, the court of appeals held that SEMC was not immune from liability for negligent peer review, and that Dresher's claim had been timely filed.

{¶ 9} In the court of appeals, SEMC argued that there was an independent basis for the court of appeals to affirm the trial court's decision granting summary judgment in favor of SEMC on the claim for negligent credentialing. Specifically, SEMC, citing *Celotex Corp. v. Catrett* (1986), 477 U.S. 317, 106 S.Ct. 2548, 91 L.Ed.2d 265, and *Wing v. Anchor Media, Ltd. of Texas* (1991), 59 Ohio St.3d 108, 570 N.E.2d 1095, argued that it was entitled to summary judgment on the claim for negligent credentialing because appellees, in response to SEMC's motion for

---

4. On December 8, 1989, the case at bar had been consolidated with numerous other cases involving similar claims and allegations against Dr. Burt and SEMC.

summary judgment, never produced any evidence that SEMC knew or should have known prior to Dresher's surgery that Dr. Burt was an incompetent physician. The court of appeals rejected SEMC's arguments, holding that summary judgment would not have been proper even on this basis under the circumstances of this case since neither party had presented evidentiary materials demonstrating that there were no material facts in dispute concerning SEMC's alleged liability for negligence.

{¶ 10} Thereafter, the court of appeals, finding its judgment on this issue to be in conflict with the decision of the Court of Appeals for the Ninth District in *Miller v. Summit Cty. Bd. of Edn.* (Sept. 21, 1994), Summit App. No. 16493, unreported, 1994 WL 511043, entered an order certifying a conflict. This cause is now before this court upon our determination that a conflict exists.

_____

*Sambol & Associates* and *Marylee Gill Sambol*, for appellees.

*Dinsmore & Shohl*, *K.C. Green*, *Deborah R. Lydon* and *Sara Sinrall Rorer*, for appellant.

*Dale E. Creech, Jr.*, urging reversal for *amicus curiae*, Ohio Association of Civil Trial Attorneys.

*Bricker & Eckler*, *James J. Hughes, Jr.*, and *Catherine M. Ballard*, urging reversal for *amicus curiae*, Ohio Hospital Association.

_____

**DOUGLAS, J.**

{¶ 11} The sole issue in this appeal involves the standards for granting summary judgment when the moving party asserts that the nonmoving party has no evidence to establish an essential element of the nonmoving party's case. In particular, the issue certified to this court by the Court of Appeals for Montgomery County is, "[m]ay a court grant summary judgment when *neither* the movant nor the non-movant provides evidentiary materials demonstrating that there are no

material facts in dispute and the movant is entitled to judgment as a matter of law?" (Emphasis *sic*.) Resolution of this issue requires an interpretation of Civ.R. 56, a detailed review of *Celotex*, *supra*, 477 U.S. 317, 106 S.Ct. 2548, 91 L.Ed.2d 265, and an examination of our holding in paragraph three of the syllabus in *Wing*, *supra*, 59 Ohio St.3d 108, 570 N.E.2d 1095.

{¶ 12} In *Celotex*, *supra*, 477 U.S. 317, 106 S.Ct. 2548, 91 L.Ed.2d 265, Myrtle Catrett ("Catrett"), administrator of the estate of her deceased husband, Louis H. Catrett, filed a wrongful death action in the United States District Court for the District of Columbia against fifteen named corporations. In the complaint, Catrett alleged that her husband's death had been caused by exposure to products containing asbestos that had been manufactured or distributed by the defendants. Several of the defendants, including the Celotex Corporation ("Celotex"), filed motions for summary judgment. In support of its motion, Celotex argued that summary judgment was proper because Catrett had "'failed to produce evidence that any [Celotex] product * * * was the proximate cause of the injuries alleged within the jurisdictional limits of [the District] Court.'" *Id*. at 319-320, 106 S.Ct. at 2551, 91 L.Ed.2d at 272. In particular, Celotex noted that Catrett had failed to identify, in answering interrogatories specifically requesting such information, any witnesses who could testify about the decedent's exposure to Celotex's asbestos products. Catrett responded to the motion for summary judgment and produced three documents to counter Celotex's assertions. The three documents included a transcript of a deposition, a letter from an official of one of the decedent's former employers whom Catrett planned to call as a witness at trial, and a letter from an insurance company to Catrett's attorney. These documents tended to establish that the decedent had been exposed to Celotex's asbestos products in Chicago in 1970 and 1971. Catrett claimed that the three documents demonstrated that there was a genuine and material factual dispute concerning the decedent's exposure to Celotex's asbestos products. With respect to this evidence, Celotex asserted that

8

the three documents were inadmissible hearsay and thus could not be considered in opposition to Celotex's motion for summary judgment.

**{¶ 13}** The district court in *Celotex* granted the motion for summary judgment, finding that there was "'no showing that the plaintiff was exposed to the defendant Celotex's product in the District of Columbia or elsewhere within the statutory period.'" *Id.*, 477 U.S. at 320, 106 S.Ct. at 2551, 91 L.Ed.2d at 272. On appeal, the United States Court of Appeals for the District of Columbia, in a split decision, reversed the judgment of the district court. *Catrett v. Johns-Manville Sales Corp.* (C.A.D.C.1985), 756 F.2d 181. The court of appeals' majority stated, in part:

"We need not, however, reach the evidentiary issue [raised by Celotex that none of the evidence produced by Catrett in response to the motion for summary judgment would have been admissible at trial], inasmuch as defendant's [Celotex's] moving papers were patently defective on their face, rendering inappropriate the grant of summary judgment on the record as it stood before the District Court. Celotex offered *no* affidavits, declarations or evidence of any sort whatever in support of its summary judgment motion. To the contrary, Celotex's motion was based solely on the plaintiff's purported failure to produce credible evidence to support her claim. While Celotex may have faced difficulty, to be sure, in 'proving the negative' that plaintiff's decedent had not been exposed to its products, * * * [Celotex] made no effort to adduce *any* evidence, in the form of affidavits or otherwise, to support its motion. * * * [T]hat undisputed failure renders its motion fatally defective." (Emphasis *sic* and footnotes omitted.) *Catrett*, *supra*, 756 F.2d at 184.

**{¶ 14}** In *Celotex*, *supra* (477 U.S. 317), the United States Supreme Court reversed the judgment of the court of appeals. Justice (now Chief Justice) Rehnquist authored the lead opinion in *Celotex,* which mustered the full support of Justices Marshall, Powell and O'Conner. Justice White concurred separately. *Id.*

at 328-329, 106 S.Ct. at 2555, 91 L.Ed.2d at 277 (White, J., concurring). Justice Brennan, joined by then Chief Justice Burger and Justice Blackmun, dissented. *Id*. at 329-337, 106 S.Ct. at 2555-2560, 91 L.Ed.2d at 277-282 (Brennan, J., dissenting). Justice Stevens also filed a separate dissenting opinion. *Id*. at 337-339, 106 S.Ct. at 2560-2561, 91 L.Ed.2d at 283-284 (Stevens, J., dissenting). Virtually all of the Justices agreed that the court of appeals had erred in concluding that Fed.R.Civ.P. 56 requires a defendant seeking summary judgment to produce affirmative evidence disproving ("negating") the plaintiff's case. We quote, at length, from the lead opinion in *Celotex* because, with all due respect to the United States Supreme Court, its opinion in *Celotex* is somewhat confusing as to the appropriate standard for granting summary judgment in cases where the moving party asserts that the nonmoving party has no evidence to establish a material element of the nonmoving party's case. In the lead opinion in *Celotex*, Justice Rehnquist offered the following analysis of Fed.R.Civ.P. 56:[5]

---

5. Fed.R.Civ.P. 56, which is similar to Ohio Civ.R.56, provides, in part:

"(a) **For Claimant**. A party seeking to recover upon a claim, counterclaim, or cross-claim or to obtain a declaratory judgment may, at any time after the expiration of 20 days from the commencement of the action or after service of a motion for summary judgment by the adverse party, move with or without supporting affidavits for a summary judgment in the party's favor upon all or any part thereof.

"(b) **For Defending Party**. A party against whom a claim, counterclaim, or cross-claim is asserted or a declaratory judgment is sought may, at any time, move with or without supporting affidavits for a summary judgment in the party's favor as to all or any part thereof.

"(c) **Motion and Proceedings Thereon**. The motion shall be served at least 10 days before the time fixed for the hearing. The adverse party prior to the day of hearing may serve opposing affidavits. The judgment sought shall be rendered forthwith if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law. A summary judgment, interlocutory in character, may be rendered on the issue of liability alone although there is a genuine issue as to the amount of damages.

"* * *

"(e) **Form of Affidavits; Further Testimony; Defense Required**. Supporting and opposing affidavits shall be made on personal knowledge, shall set forth such facts as would be admissible in evidence, and shall show affirmatively that the affiant is competent to testify to the matters stated therein. Sworn or certified copies of all papers or parts thereof referred to in an affidavit shall be attached thereto or served therewith. The court may permit affidavits to be supplemented or opposed by depositions, answers to interrogatories, or further affidavits. When a

"The majority of the Court of Appeals held that petitioner's [Celotex's] summary judgment motion was rendered 'fatally defective' by the fact that petitioner 'made no effort to adduce *any* evidence, in the form of affidavits or otherwise, to support its motion.' \* \* \* [*Catrett*, *supra*, 756 F.2d at 184] (emphasis in original). According to the majority, Rule 56(e) of the Federal Rules of Civil Procedure, and this Court's decision in \* \* \* [*Adickes v. S.H. Kress & Co.* (1970), 398 U.S. 144, 159, 90 S.Ct. 1598, 1609, 26 L.Ed.2d 142, 155], establish that 'the party opposing the motion for summary judgment bears the burden of responding *only after* the moving party has met its burden of coming forward with proof of the absence of any genuine issues of material fact.' \* \* \* [*Catrett*, *supra*, 756 F.2d at 184] (emphasis in original; footnote omitted). The majority therefore declined to consider petitioner's argument that none of the evidence produced by respondent [Catrett] in opposition to the motion for summary judgment would have been admissible at trial. \* \* \*

"We think that the position taken by the majority of the Court of Appeals is inconsistent with the standard for summary judgment set forth in Rule 56(c) of the Federal Rules of Civil Procedure. Under Rule 56(c), summary judgment is proper 'if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law.' In our view, the plain language of Rule 56(c) mandates the entry of summary judgment, after adequate time for discovery and upon motion, against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial.

---

motion for summary judgment is made and supported as provided in this rule, an adverse party may not rest upon the mere allegations or denials of the adverse party's pleading, but the adverse party's response, by affidavits or as otherwise provided in this rule, must set forth specific facts showing that there is a genuine issue for trial. If the adverse party does not so respond, summary judgment, if appropriate, shall be entered against the adverse party."

In such a situation, there can be 'no genuine issue as to any material fact,' since a complete failure of proof concerning an essential element of the nonmoving party's case necessarily renders all other facts immaterial. The moving party is 'entitled to a judgment as a matter of law' because the nonmoving party has failed to make a sufficient showing on an essential element of her case with respect to which she has the burden of proof. * * *

"*Of course, a party seeking summary judgment always bears the initial responsibility of informing the district court of the basis for its motion, and identifying those portions of 'the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any,' which it believes demonstrate the absence of a genuine issue of material fact*. But unlike the Court of Appeals, we find no express or implied requirement in Rule 56 that the moving party support its motion with affidavits or other similar materials *negating* the opponent's claim. On the contrary, Rule 56(c), which refers to 'the affidavits, *if any*' (emphasis added), suggests the absence of such a requirement. And if there were any doubt about the meaning of Rule 56(c) in this regard, such doubt is clearly removed by Rules 56(a) and (b), which provide that claimants and defendants, respectively, may move for summary judgment '*with or without supporting affidavits*' (emphasis added). *The import of these subsections is that, regardless of whether the moving party accompanies its summary judgment motion with affidavits, the motion may, and should, be granted so long as whatever is before the district court demonstrates that the standard for the entry of summary judgment, as set forth in Rule 56(c), is satisfied*. One of the principal purposes of the summary judgment rule is to isolate and dispose of factually unsupported claims or defenses, and we think it should be interpreted in a way that allows it to accomplish this purpose.

"Respondent [Catrett] argues, however, that Rule 56(e), by its terms, places on the nonmoving party the burden of coming forward with rebuttal affidavits, or

other specified kinds of materials, only in response to a motion for summary judgment 'made and supported as provided in this rule.' According to respondent's argument, since petitioner [Celotex] did not 'support' its motion with affidavits, summary judgment was improper in this case. But as we have already explained, a motion for summary judgment may be made pursuant to Rule 56 'with or without supporting affidavits.' *In cases like the instant one, where the nonmoving party will bear the burden of proof at trial on a dispositive issue, a summary judgment motion may properly be made in reliance solely on the 'pleadings, depositions, answers to interrogatories, and admissions on file.' Such a motion, whether or not accompanied by affidavits, will be 'made and supported as provided in this rule,' and Rule 56(e) therefore requires the nonmoving party to go beyond the pleadings and by her own affidavits, or by the 'depositions, answers to interrogatories, and admissions on file,' designate 'specific facts showing that there is a genuine issue for trial.'*

"We do not mean that the nonmoving party must produce evidence in a form that would be admissible at trial in order to avoid summary judgment. Obviously, Rule 56 does not require the nonmoving party to depose her own witnesses. Rule 56(e) permits a proper summary judgment motion to be opposed by any of the kinds of evidentiary materials listed in Rule 56(c), except the mere pleadings themselves, and it is from this list that one would normally expect the nonmoving party to make the showing to which we have referred.

"The Court of Appeals in this case felt itself constrained, however, by language in our decision in *Adickes* * * * [, *supra*, 398 U.S. 144, 90 S.Ct. 1598, 26 L.Ed.2d 142]. There we held that summary judgment had been improperly entered in favor of the defendant restaurant in an action brought under 42 U.S.C. § 1983. In the course of its opinion, the *Adickes* Court said that 'both the commentary on and the background of the 1963 amendment conclusively show that it was not intended to modify the burden of the moving party * * * to show initially the

absence of a genuine issue concerning any material fact.' *Id.*, at 159 [, 90 S.Ct. at 1609, 26 L.Ed.2d at 155]. We think that this statement is accurate in a literal sense, since we fully agree with the *Adickes* Court that the 1963 amendment to Rule 56(e) was not designed to modify the burden of making the showing generally required by Rule 56(c). It also appears to us that, on the basis of the showing before the Court in *Adickes*, the motion for summary judgment in that case should have been denied. But we do not think the *Adickes* language quoted above should be construed to mean that the burden is on the party moving for summary judgment to *produce evidence* showing the absence of a genuine issue of material fact, even with respect to an issue on which the nonmoving party bears the burden of proof. Instead, as we have explained, the burden on the moving party may be discharged by 'showing'—that is, pointing out to the district court—that there is an absence of evidence to support the nonmoving party's case.

"* * *

"In this Court, respondent's [Catrett's] brief and oral argument have been devoted as much to the proposition that an adequate showing of exposure to petitioner's asbestos products was made as to the proposition that no such showing should have been required. But the Court of Appeals declined to address either the adequacy of the showing made by respondent in opposition to petitioner's motion for summary judgment, or the question whether such a showing, if reduced to admissible evidence, would be sufficient to carry respondent's burden of proof at trial. We think the Court of Appeals with its superior knowledge of local law is better suited than we are to make these determinations in the first instance.

"* * *

"The judgment of the Court of Appeals is accordingly reversed, and the case is remanded for further proceedings consistent with this opinion." (Emphasis added in part and footnotes omitted.) *Celotex*, *supra*, 477 U.S. 317, 321-328, 106 S.Ct. 2548, 2551-2555, 91 L.Ed.2d 265, 272-277.

**{¶ 15}** Justice White, who provided the fifth and deciding vote in *Celotex,* stated, in a separate concurring opinion:

"I agree that the Court of Appeals was wrong in holding that the moving defendant must always support his motion with evidence or affidavits showing the absence of a genuine dispute about a material fact. I also agree that the movant may rely on depositions, answers to interrogatories, and the like, to demonstrate that the plaintiff has no evidence to prove his case and hence that there can be no factual dispute. *But the movant must discharge the burden the Rules place upon him: It is not enough to move for summary judgment without supporting the motion in any way or with a conclusory assertion that the plaintiff has no evidence to prove his case.*

"A plaintiff need not initiate any discovery or reveal his witnesses or evidence unless required to do so under the discovery Rules or by court order. Of course, he must respond if required to do so; but he need not also depose his witnesses or obtain their affidavits to defeat a summary judgment motion asserting only that he has failed to produce any support for his case. It is the defendant's task to negate, if he can, the claimed basis for the suit.

"Petitioner Celotex does not dispute that if respondent [Catrett] has named a witness to support her claim, summary judgment should not be granted without Celotex somehow showing that the named witness' possible testimony raises no genuine issue of material fact. * * * It asserts, however, that respondent has failed on request to produce any basis for her case. Respondent, on the other hand, does not contend that she was not obligated to reveal her witnesses and evidence but insists that she has revealed enough to defeat the motion for summary judgment. Because the Court of Appeals found it unnecessary to address this aspect of the case, I agree that the case should be remanded for further proceedings." (Emphasis added.) *Celotex*, *supra*, 477 U.S. at 328-329, 106 S.Ct. at 2555, 91 L.Ed.2d at 277 (White, J., concurring).

**{¶ 16}** Again, with the utmost respect to the United States Supreme Court, we find the court's decision in *Celotex* to be perplexing. As Justice Brennan so ably recognized in his dissenting opinion in *Celotex*, "[t]he Court clearly rejects the ruling of the Court of Appeals that the defendant [Celotex] must provide affirmative evidence disproving the plaintiff's case. Beyond this, however, the Court has not clearly explained what is required of a moving party seeking summary judgment on the ground that the nonmoving party cannot prove its case." (Footnote omitted.) *Celotex*, *supra*, 477 U.S. at 329, 106 S.Ct. at 2556, 91 L.Ed.2d at 277 (Brennan, J., dissenting). Justice Brennan went on to suggest that Celotex had failed to meet its burden of establishing that there were no genuine issues of material fact concerning the essential elements of Catrett's claims and that, therefore, summary judgment was improper. *Id*., 477 U.S. at 329-337, 106 S.Ct. at 2555-2560, 91 L.Ed.2d at 277-282 (Brennan, J., dissenting). He also questioned what the court of appeals was supposed to do on remand, given that Justice White, who provided the court's fifth vote in *Celotex*, "plainly believes that the Court of Appeals should reevaluate whether the defendant met its initial burden of production." *Id*. at 329, 106 S.Ct. at 2556, 91 L.Ed.2d at 277, fn. 1.[6]

**{¶ 17}** Our reading of *Celotex* and of Civ.R. 56[7] is that there is simply no requirement that a party who moves for summary judgment must support the

---

6. Ultimately, on remand from the United States Supreme Court's decision in *Celotex Corp. v. Catrett* (1986), 477 U.S. 317, 106 S.Ct. 2548, 91 L.Ed.2d 265, the United States Court of Appeals for the District of Columbia once again held that the district court had erred in granting summary judgment in favor of Celotex. See *Catrett v. Johns-Manville Sales Corp.* (C.A.D.C.1987), 826 F.2d 33. The United States Supreme Court denied further review. *Celotex Corp. v. Catrett* (1988), 484 U.S. 1066, 108 S.Ct. 1028, 98 L.Ed.2d 992.

7. Civ.R. 56 provides, in part:

"(A) **For party seeking affirmative relief**. A party seeking to recover upon a claim, counterclaim, or cross-claim or to obtain a declaratory judgment may, at any time after the expiration of the time permitted under these rules for a responsive motion or pleading by the adverse party, or after service of a motion for summary judgment by the adverse party, move with or without supporting affidavits for a summary judgment in his favor upon all or any part thereof. If the action

motion with *affidavits* negating the opponent's claims.  Accord *Mitseff v. Wheeler* (1988), 38 Ohio St.3d 112, 114, 526 N.E.2d 798, 800-801.  See, also, Civ.R. 56(A) and (B), and *Celotex*, *supra*, 477 U.S. at 323-324, 106 S.Ct. at 2553, 91 L.Ed.2d at 274.  Indeed, there is no requirement in Civ.R. 56 that the moving party support its motion for summary judgment with any *affirmative evidence*, *i.e.*, affidavits or similar materials *produced by the movant.*  However, even *Celotex* makes clear that the moving party bears the initial responsibility of informing the trial court of the

---

has been set for pretrial or trial, a motion for summary judgment may be made only with leave of court.

"(B) **For defending party**.  A party against whom a claim, counterclaim, or cross-claim is asserted or a declaratory judgment is sought may at any time, move with or without supporting affidavits for a summary judgment in his favor as to all or any part thereof.  If the action has been set for pretrial or trial, a motion for summary judgment may be made only with leave of court.

"(C) **Motion and proceedings thereon**.  The motion shall be served at least fourteen days before the time fixed for hearing.  The adverse party prior to the day of hearing may serve and file opposing affidavits.  Summary judgment shall be rendered forthwith if the pleading, depositions, answers to interrogatories, written admissions, affidavits, transcripts of evidence in the pending case, and written stipulations of fact, if any, timely filed in the action, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law.  No evidence or stipulation may be considered except as stated in this rule.  A summary judgment shall not be rendered unless it appears from such evidence or stipulation and only therefrom, that reasonable minds can come to but one conclusion and that conclusion is adverse to the party against whom the motion for summary judgment is made, such party being entitled to have the evidence or stipulation construed most strongly in his favor.  A summary judgment, interlocutory in character, may be rendered on the issue of liability alone although there is a genuine issue as to the amount of damages.

"* * *

"(E) **Form of affidavits; further testimony; defense required**.  Supporting and opposing affidavits shall be made on personal knowledge, shall set forth such facts as would be admissible in evidence, and shall show affirmatively that the affiant is competent to testify to the matters stated therein.  Sworn or certified copies of all papers or parts thereof referred to in an affidavit shall be attached thereto or served therewith.  The court may permit affidavits to be supplemented or opposed by depositions or by further affidavits.  When a motion for summary judgment is made and supported as provided in this rule, an adverse party may not rest upon the mere allegations or denials of his pleadings, but his response, by affidavit or as otherwise provided in this rule, must set forth specific facts showing that there is a genuine issue for trial.  If he does not so respond, summary judgment, if appropriate, shall be entered against him.

"(F) **When affidavits unavailable**.  Should it appear from the affidavits of a party opposing the motion for summary judgment that he cannot for sufficient reasons stated present by affidavit facts essential to justify his opposition, the court may refuse the application for judgment or may order a continuance to permit affidavits to be obtained or discovery to be had or may make such other order as is just."

basis for the motion, and identifying those portions of the record before the trial court which demonstrate the absence of a genuine issue of fact on a material element of the nonmoving party's claim. Accord *Mitseff*, *supra*, 38 Ohio St.3d at 114-115, 526 N.E.2d at 801. That is, the moving party bears the initial burden of *demonstrating* that there are no genuine issues of material fact concerning an essential element of the opponent's case. To accomplish this, the movant must be able to point to evidentiary materials of the type listed in Civ.R. 56(C) that a court is to consider in rendering summary judgment. The evidentiary materials listed in Civ.R. 56(C) include "the pleading, depositions, answers to interrogatories, written admissions, affidavits, transcripts of evidence in the pending case, and written stipulations of fact, if any." These evidentiary materials must show that there is no genuine issue as to any material fact, and that the moving party is entitled to judgment as a matter of law. While the movant is not necessarily obligated to place any of these evidentiary materials in the record, the evidence must be in the record or the motion cannot succeed. In this regard, *Celotex* makes clear, especially in light of Justice White's concurring opinion in that case, that a moving party does not discharge its initial burden under Civ.R. 56 simply by making a conclusory assertion that the nonmoving party has no evidence to prove its case. The assertion must be backed by some *evidence* of the type listed in Civ.R. 56(C) which affirmatively shows that the nonmoving party has no evidence to support that party's claims. If the moving party fails to satisfy its initial burden, the motion for summary judgment must be denied. If the moving party has satisfied its initial burden, the nonmoving party has a reciprocal burden outlined in the last sentence of Civ.R. 56(E), which provides that:

"When a motion for summary judgment is made *and supported as provided in this rule*, an adverse party may not rest upon the mere allegations or denials of his pleadings, but his response, by affidavit or as otherwise provided in this rule, must set forth specific facts showing that there is a genuine issue for trial. If he

does not so respond, summary judgment, if appropriate, shall be entered against him." (Emphasis added.)

{¶ 18} Accordingly, we hold that a party seeking summary judgment, on the ground that the nonmoving party cannot prove its case, bears the initial burden of informing the trial court of the basis for the motion, and identifying those portions of the record which demonstrate the absence of a genuine issue of material fact on the essential element(s) of the nonmoving party's claims. The moving party cannot discharge its initial burden under Civ.R. 56 simply by making a conclusory assertion that the nonmoving party has no evidence to prove its case. Rather, the moving party must be able to specifically point to some *evidence* of the type listed in Civ.R. 56(C) which affirmatively demonstrates that the nonmoving party has no evidence to support the nonmoving party's claims. If the moving party fails to satisfy its initial burden, the motion for summary judgment must be denied. However, if the moving party has satisfied its initial burden, the nonmoving party then has a reciprocal burden outlined in Civ.R. 56(E) to set forth specific facts showing that there is a genuine issue for trial and, if the nonmovant does not so respond, summary judgment, if appropriate, shall be entered against the nonmoving party.

{¶ 19} The foregoing principles have been firmly established in Ohio jurisprudence for some time. In *Mitseff*, *supra*, 38 Ohio St.3d 112, 114-115, 526 N.E.2d 798, 800-801, we recognized that:

"While *Celotex* [, *supra*, 477 U.S. 317, 106 S.Ct. 2548, 91 L.Ed.2d 265,] says that a moving party does not have to support its motion with affidavits negating the opponent's claims, *Celotex* also plainly states that 'a party seeking summary judgment always bears the initial responsibility of informing the district court of the basis for its motion, and identifying those portions of "the pleadings, depositions, answers to interrogatories, and admissions on file, together with the

affidavits, if any," which it believes demonstrate the absence of a genuine issue of material fact.' *Celotex*, *supra*, at 323 [, 106 S.Ct. at 2553, 91 L.Ed.2d at 274].

"Accordingly, even *Celotex* makes clear that a party moving for summary judgment has certain obligations that must be met. These obligations are set forth in *Massaro v. Vernitron Corp*. (D.Mass. 1983), 559 F. Supp. 1068. *Massaro* held that the party seeking summary judgment '* * * bears the burden of affirmatively demonstrating that, with respect to every essential issue of each count in the complaint, there is no genuine issue of fact.' *Massaro*, *supra*, at 1073 (citing *Mack v. Cape Elizabeth School Board* [C.A.1, 1977], 533 [*sic* 553] F.2d 720, 722). The moving party bears this burden '* * * even with regard to issues on which plaintiffs * * * would have the burden of proof should the case go to trial.' *Massaro*, *supra*, at 1073, citing *Ramsey* [*sic Ramsay*] *v. Cooper* (C.A.1, 1977), 553 F.2d 237, 240-241, fn. 8; *Adickes v. S.H. Kress & Co.* (1970), 398 U.S. 144, 159-161. See, also, *Bird v. Zimmerman Fur Institute, Inc*. (S.D.Ohio 1968), 294 F. Supp. 202.

"The requirement that a party seeking summary judgment disclose the basis for the motion and support the motion with evidence is well founded in Ohio law. 'The burden of showing that no genuine issue exists as to any material fact falls upon the moving party in requesting a summary judgment.' *Harless v. Willis Day Warehousing Co*. (1978), 54 Ohio St.2d 64, 66, 8 O.O.3d 73, 74, 375 N.E.2d 46, 47, citing *Hamlin v. McAlpin Co*. (1964), 175 Ohio St. 517, 519-520, 26 O.O.2d 206, 207, 196 N.E.2d 781, 783-784. Reading the requirement of *Harless*, *supra*, in conjunction with Civ.R. 56 and 7(B)(1), it can readily be seen that the moving party must state specifically which areas of the opponent's claim raise no genuine issue of material fact and such assertion may be supported by affidavits or otherwise as allowed by Civ.R. 56(C).

"It should be noted that placing the above-mentioned requirements on the moving party does not mean the nonmoving party bears no burden. Requiring that the moving party provide specific reasons and evidence gives rise to a reciprocal

burden of specificity for the non-moving party [outlined in Civ.R. 56(E)]." (Footnote omitted.)

{¶ 20} However, in *Wing*, *supra*, 59 Ohio St.3d 108, 570 N.E.2d 1095, paragraph three of the syllabus, a majority of this court held that, "A motion for summary judgment forces the nonmoving party to produce evidence on any issue for which that party bears the burden of production at trial. (*Celotex v. Catrett* [1986], 477 U.S. 317 [, 106 S.Ct. 2548, 91 L.Ed.2d 265,] approved and followed.)" We now believe that this holding in *Wing* is too broad. Specifically, paragraph three of the syllabus in *Wing* fails to account for, among other things, the burden Civ.R. 56 places upon a *moving* party. We therefore limit paragraph three of the syllabus in *Wing* to bring it into conformity with *Mitseff*, *supra*, 38 Ohio St.3d 112, 526 N.E.2d 798, *Celotex*, *supra*, 477 U.S. 317, 106 S.Ct. 2548, 91 L.Ed.2d 265, the requirements of Civ.R. 56, and our discussion and holdings *supra*.

{¶ 21} In the case at bar, SEMC served appellees with a request for admissions and for production of documents. Specifically, SEMC sought admissions from appellees that they possessed no documents or other evidence to support the negligent credentialing claim. In the event that appellees denied the requests for admissions, SEMC sought production of all documents supporting the denials. Appellees *denied* that they possessed no documents or other evidence to substantiate the negligent credentialing claim, and entered specific objections to the requests for production of documents. SEMC never moved to compel production of the requested documents. Rather, SEMC moved for summary judgment, urging that appellees had no evidence to establish essential elements of the negligence cause of action. To support the motion, SEMC relied on appellees' responses to the request for admissions and for production of documents as proof that appellees had no evidence to substantiate the negligence claims.

{¶ 22} The trial court granted summary judgment in favor of SEMC on other (unrelated) grounds. However, on appeal, the court of appeals addressed *and*

*rejected* SEMC's arguments that SEMC was entitled to summary judgment on the basis that appellees lacked evidence to prove the negligent credentialing claim. The court of appeals found that summary judgment on this issue was not warranted since neither SEMC nor appellees had submitted any evidence demonstrating the lack of a genuine issue of material fact concerning the essential elements of the negligence credentialing cause of action. We agree with the court of appeals' conclusion in this regard.[8]

{¶ 23} We find that appellees' responses to the request for admissions and for production of documents fail to demonstrate that appellees had no evidence to prove the essential elements of the negligent credentialing cause of action. Indeed, we find that appellees' responses to the request for admissions and for production of documents indicate that appellees were in possession of evidence necessary to prove the negligence claim, but that they were unwilling to divulge the evidence unless presented with a proper discovery request. Therefore, SEMC's motion for summary judgment on the ground that appellees lacked evidence to prove the essential elements of a negligent credentialing cause of action was supported by nothing more than SEMC's own conclusory assertions in its memorandum in support of the motion. Since the motion was not properly supported by evidence in the record, appellees had no duty under Civ.R. 56(E) to respond to SEMC's allegations that they lacked proof on essential elements of the negligent credentialing cause of action. See discussion, *supra*.

{¶ 24} The question certified by the court of appeals in this case is, "[m]ay a court grant summary judgment when *neither* the movant nor the non-movant provides evidentiary materials demonstrating that there are no material facts in dispute and the movant is entitled to judgment as a matter of law?" (Emphasis *sic*.)

---

8. However, we note, in passing, that we do not agree with the court of appeals' legal analysis in this case insofar as certain portions of the court of appeals' opinion imply that SEMC was obligated under Civ.R. 56 to set forth evidence that it was not negligent.

We answer that question in the negative. As stated in our discussion *supra*, the moving party bears the initial responsibility of informing the trial court of the basis for the motion, *and identifying those portions of the record which demonstrate the absence of a genuine issue of fact on a material element of the nonmoving party's claim*. The "portions of the record" to which we refer are those evidentiary materials listed in Civ.R. 56(C), such as the pleadings, depositions, answers to interrogatories, etc., that have been filed in the case. Here, SEMC could point to no such evidence clearly demonstrating that appellees lacked proof of the negligence claim. Where, as here, the moving party does not satisfy its initial burden under Civ.R. 56, the motion for summary judgment must be denied.

{¶ 25} We also agree, in part, with the ultimate conclusion reached by the Court of Appeals for the Ninth District in *Miller, supra,* Summit App. No. 16493, unreported, 1994 WL 511043. In *Miller*, the plaintiff, Dorothy Miller, was a school bus driver who applied for re-certification for the 1990-1991 school year. As part of the certification process, Miller submitted to a medical examination, the results of which revealed that Miller suffered from high blood pressure and heart problems. Miller was denied re-certification. She then submitted to a second medical examination (a medical re-examination) and was found unfit to be a school bus driver. Accordingly, Miller was not re-hired for the 1990-1991 school year.

{¶ 26} Miller sued the Summit County Board of Education, the Manchester Local School District Board of Education, and others, alleging that the defendants had breached Miller's contract of employment by not re-hiring her. In the complaint, Miller conceded that she had received two separate medical examinations and that both doctors had concluded she did not meet the physical requirements for driving a school bus. Miller did not allege that either or both of the physicians who had examined her were not proper medical authorities. Eventually, defendants moved for summary judgment. To support their motion, the defendants apparently directed the trial court's attention to (1) Miller's

pleadings, and (2) relevant portions of the Ohio Administrative Code that defeated Miller's claims. The defendants also apparently relied on certain affidavits. The trial court granted the motion for summary judgment.

**{¶ 27}** In *Miller*, the court of appeals affirmed the judgment of the trial court. The *Miller* court observed that Ohio Adm.Code 3301-83-07 establishes the physical qualifications for school bus drivers and the procedures for ascertaining medical fitness. The court specifically cited Ohio Adm.Code 3301-83-07(F)(4), which provides that the results of a medical re-examination "shall be final." Judge (now Justice) Cook, writing for the court in *Miller*, stated, in part:

"We find that the trial court acted appropriately in granting Appellees' motion for summary judgment. In her complaint, Miller conceded that she received two separate medical examinations and that both doctors concluded that she did not meet the physical requirements for driving a school bus. Miller claims that the two medical examinations she received were substandard. However, she produced no evidence cognizable under Civ.R. 56 showing that she was entitled to a third medical examination and that the results of this examination could be used to contradict the results of the prior examinations. Ohio Adm.Code 3301-83-07(A) states that the physical qualifications must be certified by 'a proper medical authority.' Ohio Adm.Code 3301-83-07(B) further requires each county board of education to appoint '[o]ne or more licensed doctors of medicine or osteopathy' annually. These sections ensure that prospective bus drivers will be examined by competent medical personnel. Miller does not argue that either of the two doctors who examined her were not proper medical authorities. Accordingly, we find that the trial court was correct in granting Appellees' [the defendants'] motion for summary judgment as to Miller's declaratory judgment, concluding that she had no right to submit results from a third medical examination in order to advance her breach of contract claim.

"Although Miller contests two issues pertaining to Appellees' affidavits, these arguments do not warrant reversing summary judgment for Appellees. Even if Appellees' affidavits were defective or non-existent, a party who moves for summary judgment need not support its motion with affidavits, provided that the party does not bear the burden of proof on the issues contained in the motion. Appellees, therefore, are still entitled to summary judgment because they would not bear the burden of proof at trial." *Id*. at 4-5, 1994 WL 511043 at 2.

**{¶ 28}** We read *Miller* as standing for the proposition that summary judgment may be rendered where *the pleadings* and the arguments of the party seeking summary judgment clearly establish that the nonmoving party has no legally cognizable cause of action.[9] Thus, in *Miller,* the defendants were entitled to summary judgment merely by pointing out to the trial judge the applicable provisions of the Ohio Administrative Code which, when read in conjunction with Miller's complaint, defeated Miller's claims. In other words, by pointing out the requirements of Ohio Adm.Code 3301-83-07, and those portions of the plaintiff's pleadings that showed plaintiff was entitled to no relief, the defendants succeeded in demonstrating, *by evidence permitted under Civ.R. 56(C) (the pleadings),* that defendants were entitled to judgment as a matter of law. However, we take issue with the statement in *Miller* that "* * * a party who moves for summary judgment need not support its motion with affidavits, *provided that* the party does not bear the burden of proof on the issues contained in the motion." (Emphasis added.) Again, we note that there is no *requirement* in Civ.R. 56 that *any* party submit affidavits to support a motion for summary judgment. See, *e.g*., Civ.R. 56(A) and (B). There *is* a requirement, however, that a moving party, in support of a summary

---

9. Where there are no evidentiary materials other than the pleadings, and the pleadings themselves demonstrate that the claimant has no cause of action, a motion may be made for judgment on the pleadings. See Civ.R. 12(C).

judgment motion, specifically point to something in the record that comports with the evidentiary materials set forth in Civ.R. 56(C).

{¶ 29} For the foregoing reasons, we affirm the judgment (but not necessarily the reasoning) of the Court of Appeals for Montgomery County on the matter certified for our review.

*Judgment affirmed.*

RESNICK and F.E. SWEENEY, JJ., concur.

PFEIFER, J., concurs in judgment only.

MOYER, C.J., WRIGHT and COOK, JJ., dissent.

—————————

**PFEIFER, J., concurring in judgment only.**

{¶ 30} I concur in the judgment of the majority, but share some of the same concerns raised in Justice Cook's dissent regarding the future use of Civ.R. 56. In most cases, Civ.R. 56 serves the interests of the parties and our system of justice well. This was not one of those cases.

{¶ 31} When a summary judgment motion was first filed in this case, the overriding question in the case was the statute of limitations issue. Could Dresher even bring a claim this long after her injuries? While summary judgment was well suited for the resolution of that issue, the remainder of the case was undeveloped. Extensive discovery on the factual issues had not yet begun. In short, the case was immature but for the statute of limitations question—the issue of whether Dresher had a meritorious case was not yet in full bloom. I believe that summary judgment was improperly granted on that issue—the time and circumstances were not right. Also, Dresher's responses and objections to SEMC's discovery requests could be viewed as creating a general issue as to material facts.

{¶ 32} Since this case does not present us with a good example of how Civ.R. 56 works or should work, I respectfully decline to join an opinion which may reshape the way the rule is used in Ohio. I do, however, agree with the lead

26

opinion's limiting of the third syllabus in *Wing v. Anchor Media, Ltd. of Texas* (1991), 59 Ohio St.3d 108, 570 N.E.2d 1095.

_____

**COOK, J., dissenting.**

{¶ 33} Dr. Burt's conduct in grossly injuring Judy Dresher is reprehensible and Dresher's suffering great. Neither event, however, should be the basis for curtailing the usefulness of summary judgment, the most important tool Ohio courts have for disposing of issues without a trial. When properly used, the rule embodies all the laudatory goals of tort reform—early assessment of the merits of cases, pretrial judgments, and dismissal of frivolous claims. It benefits both plaintiffs and defendants and best serves our system of civil justice.

{¶ 34} In the present clime of cynicism about the effectiveness of our courts, it is absolutely critical that judges retain the full measure of this procedure to accomplish its purpose—isolating and disposing of factually unsupported claims or defenses. Today's majority decision not only severely limits the utility of summary judgment, but also reaches its decision by employing an analysis that the United States Supreme Court considered and rejected ten years ago in the *Celotex* case. *Celotex Corp. v. Catrett* (1986), 477 U.S. 317, 106 S.Ct. 2548, 91 L.Ed.2d 265.

{¶ 35} Notwithstanding the sympathy Judy Dresher's case evokes, she never produced any evidence that could render the hospital liable. I, therefore, respectfully dissent.

{¶ 36} The new standard for summary judgment announced by today's majority erroneously requires the defendant to produce affirmative *evidence* that the plaintiff has no evidence to support her claim. This is the precise concept that the United States Supreme Court rejected when it reversed the decision of the circuit court of appeals in *Celotex*.

{¶ 37} In the lower court opinion to *Celotex*, *Catrett v. Johns-Mansville Sales Corp.* (C.A.D.C.1985), 756 F.2d 181, the District of Columbia Court of Appeals leveled the same critique as the majority herein at the moving party—that "Celotex proffered nothing. It advanced only the naked allegation that the plaintiff had not come forward in discovery with evidence to support her allegations of decedent's exposure* * *." *Id.* at 185. Because Celotex made "no effort to adduce *any* evidence, in the form of affidavits or otherwise, to support its motion" (emphasis *sic*), the court of appeals concluded that this "undisputed failure" rendered the motion "fatally defective." *Id.* at 184. According to the appellate court, this "barebones approach" was insufficient to meet Celotex's burden. *Id.* at 185.

{¶ 38} In his dissent to the D.C. Circuit's decision, Judge Bork argued that "[t]he majority errs in supposing that a party seeking summary judgment must always make an affirmative evidentiary showing, even in cases where there is not a triable, factual dispute." *Id.* at 188. The dissent pointed to the problem that the majority approach required the defendant "to prove a negative—that the plaintiff can never find evidence * * * [which] means that the plaintiff need never proffer evidence until she faces a motion for a directed verdict at trial." Id. at 187. Instead of requiring the movant to prove "in effect the negative of plaintiff's case, even though the plaintiff has no evidence on an essential element of her claim[,]* * * [t]he majority should have required the defendant only to persuade the trial judge that there is no triable, factual dispute on causation." *Id.* at 190.

{¶ 39} In adopting this view, the United States Supreme Court concluded that there is "no express or implied requirement in Rule 56 that the moving party must support its motion with affidavits or other similar materials *negating* the opponent's claim." *Celotex* at 323, 106 S.Ct. at 2553, 91 L.Ed.2d at 274.

{¶ 40} Altogether contrary to the analysis of the Supreme Court, this court with today's opinion requires a movant to "specifically point to some *evidence* of

the type listed in Civ.R. 56(C) which affirmatively demonstrates that the nonmoving party has no evidence to support the nonmoving party's claims." In effect, this burden would require SEMC, as the movant, to affirmatively disprove non-existent facts. As acknowledged by the court of appeals, the record contains no evidence from which a jury could infer that SEMC had known or should have known of Dr. Burt's surgeries. Yet, in order to entitle SEMC to summary judgment, this court requires SEMC, whose basis for seeking summary judgment is that the plaintiff has no basis for her claim, to affirmatively demonstrate the absence of these facts.

{¶ 41} What would the majority have SEMC put forth to demonstrate that the hospital did not have notice of Dr. Burt's mistreatment prior to Dresher's surgery? The majority concedes that "there is simply no requirement that a party who moves for summary judgment must support the motion with *affidavits* negating the opponent's claims." If an affidavit from an SEMC source is not required, what *affirmative evidence* could SEMC produce to demonstrate the *absence* of facts supporting Dresher's claim?

{¶ 42} While the majority may find *Celotex* perplexing, the *Celotex* court made clear that the moving party's burden *cannot be enhanced* to require proof of a negative in this fashion. 477 U.S. at 325-326, 106 S.Ct. at 2554 , 91 L.Ed.2d at 275. I agree that much of the time, defendants will only be able to establish the absence of a factual dispute by producing positive evidence. So long as plaintiffs have some inferential evidence, the defendants will have the burden of attacking it to prove that there is no factual dispute fit for trial. In a case such as this, where the nonmoving party has produced no evidence, the "barebones" delimiting of the absence of proof on an essential element suffices. See *Catrett*, 756 F.2d at 190-191 (Bork. J, dissenting). See, also, *Celotex*, at 325, 106 S.Ct. at 2554 , 91 L.Ed.2d at 275. ("[T]he burden on the moving party may be discharged by 'showing'—that is, pointing out to the district court—that there is an absence of evidence to support

the nonmoving party's case."); *Cray Communications, Inc. v. Novatel Computer Sys., Inc.* (C.A.4, 1994), 33 F.3d 390, 393 (The moving party who does not bear the burden of proof at trial is not required to produce evidence but can simply argue that there is an absence of evidence by which the nonmoving party can prove his case.); *Street v. J.C. Bradford & Co.* (C.A.6, 1989), 886 F.2d 1472, 1478 ("[T]he movant could challenge the opposing party to 'put up or shut up' on a critical issue.").

{¶ 43} There seems little reason why Dresher should not have been required to establish the existence of potential evidence to support her factual allegations, when properly challenged by the motion for summary judgment. Approximately one year after Dresher filed her complaint, SEMC "pointed out" to the trial court the specific basis entitling it to summary judgment—Dresher had no evidence that SEMC had knowledge of Dr. Burt's now infamous surgeries prior to December 17, 1970, and thus, no evidence of causation. SEMC was not required to support its motion with evidence, since that would require SEMC to negate Dresher's claims. To the contrary, SEMC's arguments were specific enough to provide Dresher a meaningful opportunity to respond and shifted the burden upon the nonmovant to show a genuine issue of material fact.

{¶ 44} On five separate occasions, Dresher had the opportunity to produce some evidence of her claim or at least address SEMC's argument that she had none. On two occasions, SEMC requested Dresher produce documents to support her claim. Dresher objected to these requests on the ground that they were "overbroad." As was done in *Celotex*, SEMC moved for summary judgment, rather than moving to compel responses to the discovery requests. See *Catrett*, 756 F.2d at 184, fn. 8. Dresher altogether failed to address SEMC's argument that she had no evidence to support her negligent credentialing claim. If Dresher needed more time for discovery in order to respond to this part of the motion, Civ.R. 56(F) provided her such an option. On appeal, Dresher did not even address SEMC's argument on this

point. In fact, Dresher's brief to this court is the *first* time she has addressed this aspect of SEMC's motion for summary judgment.

{¶ 45} The majority focuses on Dresher's objections to SEMC's discovery requests as an indication that she was in possession of some evidence but was unwilling to divulge it. Objections to discovery requests certainly ought not obviate the requirement that a party come forward with evidence in response to a targeted motion for summary judgment. Moreover, the analysis of the majority encourages objections to discovery, a tactic far too regularly used for evasion and delay.

{¶ 46} The Supreme Court expressly endorsed summary judgment practice in *Celotex*. The court stated, "[s]ummary judgment procedure is properly regarded not as a disfavored procedural shortcut, but rather * * * designed 'to secure the just, speedy and inexpensive determination of every action.' * * * Rule 56 must be construed with due regard not only for the rights of persons asserting claims and defenses that are adequately based in fact to have those claims and defenses tried to a jury, but also for the rights of persons opposing such claims and defenses to demonstrate in the manner provided by the Rule, prior to trial, that the claims and defenses have no factual basis." *Celotex*, 477 U.S. at 327, 106 S.Ct. at 2555, 91 L.Ed.2d at 276. And so it should be in Ohio.

{¶ 47} I would reverse the court of appeals on the negligent credentialing claim and reinstate the summary judgment granted by the trial court to SEMC.

MOYER, C.J., and WRIGHT, J., concur in the foregoing dissenting opinion.

—————————