I write separately because I believe that our disposition of the second assignment of error must avoid reviving questions concerning the burdens imposed by a motion for a summary judgment that were laid to rest by Dresher v. Burt (1996), 75 Ohio St.3d 280. In that regard, we must be careful in describing the effect of a presumption on a Civ.R. 56 motion that turns on an issue of fact determined by the presumption.
A presumption is a rule of law, statutory or judicial, by which a finding of a basic fact gives rise to existence of a presumed fact, until the presumption is rebutted. A *Page 30 
presumption imposes on the party against whom it is directed the burden of going forward with evidence to rebut or meet the presumption, but it does not shift the risk of nonpersuasion, which remains on the party on whom it was originally cast.
Here, Stouder Memorial Hospital bore the risk of nonpersuasion with respect to its motion for summary judgment. That risk imposed on Stouder the burden to demonstrate facts from which the existence of the presumed fact arises. Stouder did that when it offered evidence demonstrating that its decision to deny staff privileges to Dr. Menon was a "professional review action," as that is defined in Section 11112(a), Title 42, U.S. Code. That evidence created the presumption that Stouder's decision was reasonable. After that, Dr. Menon had the burden of coming forward with evidence, or pointing to evidence already in the record, that could rebut that presumption. In that regard, the court was required to construe any evidence that Dr. Menon offered most strongly in his favor, pursuant to Civ.R. 56(C).
Because the reasonableness test in Section 11112(a) is objective, not subjective, evidence required to rebut the presumption of reasonableness was evidence which disputed the existence of the facts on which Stouder relied. Instead, Dr. Menon offered evidence that preponderated against the weight of those facts as a reasonable basis for the hospital's action, implicating a subjective rather than an objective standard of judgment. Because the presumption of reasonableness stood unrebutted, the court was required to enter summary judgment for Stouder. *Page 1