This cause was heard upon the record in the trial court. Each error assigned has been reviewed and the following disposition is made:
Appellant David Gonzalez appeals from a judgment of the Lorain County Court of Common Pleas that granted summary judgment to the homeowner's insurance carrier of Appellee Daniel Kovach. Because the insurance carrier, Appellee Nationwide Mutual Insurance Company ("Nationwide"), failed to satisfy its evidentiary burden on summary judgment, this Court reverses.
The underlying facts, according to the deposition testimony of Kovach, are as follows. On November 23, 1997, Kovach was a patron at the Crystal Rock Bar in Lorain. While there, he got into a verbal altercation with two other patrons, "Bruce" and "Gonzo,"[1] because he believed they had played a prank on him. After they exchanged some words inside the bar, Gonzo and Bruce followed Kovach into the parking lot. Bruce threatened to "kick [Kovach's] ass" and Gonzo, who Kovach described as a "big gentleman," was carrying a beer bottle. Kovach pulled out his pocket knife and threatened to use it if they did not get away from him. Bruce and Gonzo went back into the bar. On the way there, Gonzo threw the beer bottle at Kovach's car. The bottle hit the car, but did not break, and landed in the parking lot.
Kovach got into his car and pulled out of the parking lot, but he immediately drove back in. He remembered that he wanted to use the telephone at the bar before he left. He picked up the beer bottle, for an unexplained reason, and walked toward the bar. When he reached the door and was about to enter, someone slammed the door closed. Kovach became angry and threw the beer bottle at the door. The bottle went through the small glass window in the door and struck David Gonzalez, who was standing inside the bar. Gonzalez sustained injuries and later filed a personal injury action against Kovach.
Nationwide filed a complaint for declaratory judgment against Kovach and Gonzalez, seeking a declaration that it had no duty to defend or indemnify Kovach under his homeowner's insurance policy. Nationwide moved for summary judgment, asserting that it had no duty to defend or indemnify Kovach because the injury was intentional and, therefore, was explicitly excluded from coverage under Kovach's insurance policy. Nationwide described the injury and the circumstances surrounding it, but it attached no evidentiary support to its motion nor did it refer to any evidence in the record. Kovach filed a brief in opposition to summary judgment and submitted the insurance policy and his own deposition testimony. The trial court determined that the injury did fall within the coverage exclusion and, therefore, granted summary judgment to Nationwide. Gonzalez appeals and raises one assignment of error.
Gonzalez's sole assignment of error is that the trial court improperly granted summary judgment to Nationwide. In reviewing a trial court's entry of summary judgment, an appellate court applies the same standard used by the trial court. Perkins v.Lavin (1994), 98 Ohio App.3d 378, 381. Pursuant to Civ.R. 56(C), summary judgment is proper if:
 (1) [N]o genuine issue as to any material fact remains to be litigated;
 (2) the moving party is entitled to judgment as a matter of law; and
 (3) it appears from the evidence that reasonable minds can come to but one conclusion, and viewing the evidence most strongly in favor of the nonmoving party, that conclusion is adverse to the nonmoving party.
State ex rel. Howard v. Ferreri (1994), 70 Ohio St.3d 587, 589. "Doubts must be resolved in favor of the nonmoving party." Hortonv. Harwick Chem. Corp. (1995), 73 Ohio St.3d 679, 686.
A party seeking summary judgment must not only state the specific basis for its motion, but it must also point to portions of the record that demonstrate its argument. Dresher v. Burt
(1996), 75 Ohio St.3d 280, 293, 296. It must support its argument with "some evidence of the type listed in Civ.R. 56(C)." Id. at 293. If the moving party fails to satisfy this initial burden, the motion for summary judgment must be denied. Id.
Nationwide argued that the injury inflicted by Kovach was expected or intended and, therefore, was excluded from coverage by the explicit terms of the policy. It did not submit any evidence to support its motion, however, nor did it point to any evidence already in the record. This was not the same situation addressed by Dresher, because Nationwide was attempting to establish a defense to coverage, not that Kovach had no evidence of a particular element of his claim. The Dresher reasoning applies with equal force here, however, because Dresher recognized that the moving party always has the burden of supporting its summary judgment motion with evidence from the record. Id. at 296. Nationwide sought summary judgment on a fact-based argument, yet it provided the trial court with no evidence of those facts. Because Nationwide did not meet its initial evidentiary burden as the moving party, the trial court erred in granting summary judgment. Gonzalez's assignment of error is sustained.
 KK
The Court finds that there were reasonable grounds for this appeal.
We order that a special mandate issue out of this Court, directing the Lorain County Court of Common Pleas to carry this judgment into execution. A certified copy of this journal entry shall constitute the mandate, pursuant to App.R. 27.
Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run. App.R. 22(E).
Costs taxed to Appellee, Nationwide Mutual Insurance Company.
Exceptions.
 ___________________________ BETH WHITMORE
FOR THE COURT
SLABY, P. J., BATCHELDER, J., CONCUR
[1] The evidence suggests, but does not confirm, that "Gonzo" is David Gonzalez, the person injured during this incident.