HENDERSON, Appellant,

v.

CINCINNATI BELL LONG DISTANCE, INC., Appellee.

[Cite as *Henderson v. Cincinnati Bell Long Distance, Inc.*
(1996), 113 Ohio App.3d 793.]

Court of Appeals of Ohio,
First District, Hamilton County.

No. C–950818.

Decided Sept. 11, 1996.

*David E. Stenson,* for appellant.

*Wilson & Markesbery Co., L.P.A.,* and *G. Richard Wilson,* for appellee.

Hɪʟᴅᴇʙʀᴀɴᴅᴛ, Judge.

Plaintiff-appellant Mark Henderson appeals from the summary judgment granted by the Hamilton County Court of Common Pleas in favor of defendant-appellee Cincinnati Bell Long Distance, Inc. On appeal, appellant argues in a single assignment of error that the trial court erred in granting appellee's motion for summary judgment. For the reasons expressed herein, we affirm the judgment of the trial court.

Appellant, an African–American male, was hired by appellee as branch manager for its Cincinnati branch office on April 18, 1994. He was the only African–American branch manager in appellee's employ at that time. Appellant's duties as branch manager included supervising account executives who sold appellee's services. During appellant's tenure as branch manager, the Cincinnati branch office met or exceeded appellee's monthly sales goals.

However, on June 20, 1994, Ron Kastner, appellant's immediate supervisor and appellee's regional sales manager, met with appellant and addressed concerns with appellant's management performance. Kastner's concerns included appellant's failure to delegate sales responsibilities to the account executives, his breach of confidentiality with respect to proprietary information, his failure to work within the guidelines of the company, his failure to follow proper channels in the company, his failure to constructively criticize the account executives, and his practices of approaching employees with unapproved offers and approaching customers with unapproved product packages.

On August 4, 1994, Kastner again met with appellant and handed him a written memorandum outlining areas of concern in appellant's management performance. The memorandum covered the same topics mentioned in the June 20, 1994 meeting. Furthermore, this memorandum stated that each of the points raised therein represented an area that required appellant's "immediate attention." Finally, the memorandum stated, "It is crucial to your future success that you deal with these issues immediately."

Appellant responded to this memorandum and meeting with a written memorandum directed to Kastner. In his memorandum, appellant stated that he believed that he had been acting appropriately and within company guidelines during his tenure as branch manager. Appellant, however, failed to modify his actions to conform with Kastner's expectations.

On September 28, 1994, appellee asked appellant to resign as branch manager of the Cincinnati office. When appellant refused to resign, he was terminated.

Following his termination, appellant filed a complaint against appellee in which he alleged that he was terminated because of his race in violation of Title VII of

the Civil Rights Act of 1964, Section 2000e *et seq.*, Title 42 U.S.Code, and in violation of R.C. 4112.02(A), that appellee breached its contractual obligation to him, and that appellee intentionally and/or negligently inflicted severe emotional distress upon him. On appeal, appellant claims that appellee's motion for summary judgment was improperly granted only on the claim that appellant was unfairly terminated due to racial discrimination.

■ In *McDonnell Douglas Corp. v. Green* (1973), 411 U.S. 792, 93 S.Ct. 1817, 36 L.Ed.2d 668, the United States Supreme Court set forth the basic allocation of burdens and order of presentation of proof in a Title VII case alleging discriminatory treatment. First, the plaintiff has the burden of proving by the preponderance of the evidence a prima facie case of discrimination. Once the plaintiff proves the prima facie case, the burden shifts to the defendant "to articulate some legitimate, nondiscriminatory reason for the employee's rejection." *Id.* at 802, 93 S.Ct. at 1824, 36 L.Ed.2d at 678. If the defendant provides a legitimate, nondiscriminatory reason for its actions against the plaintiff, the plaintiff must then "prove by a preponderance of the evidence that the legitimate reasons offered by the defendant were not its true reasons, but were a pretext for discrimination." *Texas Dept. of Community Affairs v. Burdine* (1981), 450 U.S. 248, 253, 101 S.Ct. 1089, 1093, 67 L.Ed.2d 207, 215.

■ Absent direct evidence of discrimination, a plaintiff can prove a prima facie case of racial discrimination by showing that (1) he was a member of a protected class; (2) he was discharged; (3) he was qualified for the position; and (4) a comparable unprotected person was treated better. *Mitchell v. Toledo Hosp.* (C.A.6, 1992), 964 F.2d 577. See, also, *Mauzy v. Kelly Serv., Inc.* (1996), 75 Ohio St.3d 578, 664 N.E.2d 1272. Appellant presented no evidence, either direct or circumstantial, that appellee more likely than not was motivated by discriminatory intent in terminating appellant's employment. See *id.* Rather, appellant argues that he presented sufficient evidence on the four elements enumerated in *Mitchell, supra,* to overcome appellee's motion for summary judgment.

Appellant presented sufficient evidence of the first three elements in establishing a prima facie case for discrimination where he established that he was a member of a protected class, that he was discharged and that he was qualified for the position. In support of the fourth element, appellant produced evidence of appellee's allegedly disparate treatment of John Groene. We hold that the evidence presented by appellant does not demonstrate that for the same or similar conduct, appellant was treated differently than Groene.

Groene, a white male, was the branch manager for appellee's Dayton office under Kastner's supervision from February 1994 to June 1994. In June 1994, Groene agreed to resign upon appellee's request. Prior to appellee's request for

Groene's resignation, Kastner had met with Groene and given him written memoranda explaining that Groene was failing to meet corporate quotas for sales. These meetings and memoranda were similar to those which involved appellant. However, in Kastner's last memorandum to Groene, Kastner specifically stated that Groene had thirty days to improve his job performance, and that absent an improvement, Groene was subject to termination from the company.

Appellant based his claim of disparate treatment on the fact that Groene was specifically told that he had thirty days within which to improve his job performance while appellant was never specifically provided a thirty-day probation period. However, it is clear from the evidence contained in the record that appellant was warned on several occasions that he was not performing his job satisfactorily under appellee's guidelines. It is also clear that appellant was told to improve his job performance to enjoy continued success at the company. Although appellant was never specifically told that he had thirty days to improve as was Groene, appellant was provided more that thirty days to work on the areas of concern outlined in the August 4, 1994, memorandum. At the conclusion of Groene's thirty-day probationary period, he was asked to resign. On September 28, 1994, more that thirty days after receiving warnings that certain areas of his job performance required immediate attention, appellant was asked to resign. Although not told that he had thirty days to improve his job performance, appellant was given ample opportunity to make an effort to improve those areas in his job that caused concern with his supervisor.

■ Appellant has not presented evidence that he was treated differently than a similarly situated, nonminority employee. We, therefore, hold that appellant has failed to demonstrate a prima facie case of race discrimination.

Because appellant has not demonstrated that genuine issues of material fact remain to be litigated, appellee's motion for summary judgment was properly granted under Civ.R. 56. See *Dresher v. Burt* (1996), 75 Ohio St.3d 280, 662 N.E.2d 264. Accordingly, appellant's assignment of error is overruled.

The judgment of the trial court is affirmed.

*Judgment affirmed.*

MARIANNA BROWN BETTMAN, P.J., and PAINTER, J., concur.