DECISION AND JOURNAL ENTRY
Larry Lathwell appeals from the decision of the Lorain County Court of Common Pleas, which granted summary judgment to various defendants. This court affirms in part and reverses in part.
 I.
From 1989 until October 24, 1997, Larry Lathwell was an at-will employee of the Lorain county affiliate of the non-profit organization Jobs for Ohio Graduates, Inc. ("JOG") as an education specialist. At all relevant times, Lathwell's office was located at Admiral King High School in Lorain. Members of the JOG staff were required to follow the rules and policies imposed on staff at the school, including a conflict of interest policy.
In August 1997, Lathwell and another JOG worker contacted the Teamsters Union about possible union representation. Shortly thereafter, Elaine Beasley, Lathwell's supervisor at JOG, wrote up both Lathwell and the other employee for insubordination. In October 1997, a JOG employee at Admiral King suspected that Lathwell was conducting his private business in his office, soliciting students to use his photography services. The employee notified William Kingsley, principal of the high school, and Mark Emery, a director of JOG and a Lorain City Schools employee, of this activity. Suspecting a possible violation of the school's conflict of interest policy, Kingsley and Emery used a master key to gain entry into Lathwell's empty office, and allegedly opened Lathwell's desk drawer on or about October 22, 1997. Lathwell had displayed on the walls of his office photographs he had taken of students in connection with his side business. On October 22, 1997, Emery wrote to Beasley stating that Lathwell had violated the conflict of interest policy by conducting his photography business with students. Emery requested Beasley to remove Lathwell from Admiral King. On October 27, Beasley dismissed Lathwell from his job with JOG, effective October 24. Beasley advised Lathwell that the termination was "a result of * * * [t]he action of Lorain City Schools [and the] JOG program at Lorain Admiral King being far behind acceptable standards."
Lathwell filed suit against JOG, Lorain City Schools and Lorain City School Board of Education (hereinafter "the school board"), and various directors of JOG and the school board. Lathwell's suit alleged wrongful discharge in violation of public policy, defamation, invasion of privacy, and intentional infliction of emotional distress. The invasion of privacy claim was based on Emery's and Kingsley's exploration of Lathwell's desk drawer and office. The defamation claim was based on remarks allegedly made by Elaine Beasley to other JOG employees. The intentional infliction of emotional distress claim was based on all the other alleged acts.
Lathwell soon voluntarily dismissed various defendants, leaving as defendants JOG, the school board, Beasley, Emery, and Kingsley. After Lathwell was deposed and the deposition filed, all defendants except JOG filed motions for summary judgment. On February 5, 1999, the trial court granted the motions for summary judgment. The court order also read: "Judgment is entered for the Defendants and the Complaint of the Plaintiff is hereby dismissed."
Lathwell filed the instant appeal, asserting a single assignment of error:
 THE TRIAL COURT ABUSED ITS DISCRETION WHEN IT GRANTED THE SUMMARY JUDGMENT OF THE APPELLEES IN TOTAL ON ALL COUNTS.
 II. Summary Judgment
A. Grant of Summary Judgment to Non-movant
Lathwell challenges the grant of summary judgment to each of the defendants. In particular, Lathwell asserts that the trial court erred in granting summary judgment to JOG, when that defendant did not file a motion for summary judgment. We agree.
The Ohio Supreme Court has held that "Civ.R. 56 does not authorize courts to enter summary judgment in favor of a non-moving party." Marshall v. Aaron (1984), 15 Ohio St.3d 48, syllabus. As to JOG, the trial court erred in entering judgment sua sponte, without having before it a motion by JOG for either summary judgment or a dismissal pursuant to Civ.R. 12(B)(6). Nothing in the Rules of Civil Procedure allows for a trial court to sua sponte grant judgment to a non-moving defendant, under the instant circumstances. Thus, as to the grant of judgment in favor of defendant JOG, Lathwell's assignment of error is well-taken.
 B. Standard of Review
To prevail on a motion for summary judgment, the moving party "bears the initial burden of demonstrating that there are no genuine issues of material fact concerning an essential element of the opponent's case." (Emphasis sic.) Dresher v. Burt (1996),75 Ohio St.3d 280, 292. To accomplish this, the movant must point out to the trial court "evidentiary materials [that] show that there is no genuine issue as to any material fact, and that the moving party is entitled to judgment as a matter of law." Id. at 293. If such evidence is produced, the non-moving party must proffer evidence that some issue of material fact remains for the trial court to resolve. Id.
An appellate court reviews an award of summary judgment denovo and, like the trial court, must view the facts in the case in the light most favorable to the non-moving party. Grafton v. OhioEdison Co. (1996), 77 Ohio St.3d 102, 105. Any doubt must be resolved in favor of the non-moving party. Viock v.Stowe-Woodward Co. (1983), 13 Ohio App.3d 7, 12.
Where the non-moving party would have the burden of proving all of a number of elements in order to prevail at trial, the moving party in the summary judgment motion may point to evidence that the non-moving party cannot possibly prevail on an essential element of the claim. See, e.g., Stivison v. Goodyear Tire Rubber Co. (1997), 80 Ohio St.3d 498, 499. If the moving party meets this burden of proof, the burden then shifts to the non-moving party to show that there is a genuine issue of material fact as to that element. Dresher, 75 Ohio St.3d at 293.
Lathwell's claim initially charged the various defendants with wrongful discharge in violation of public policy, based on his assertion that he was fired for having attempted to join a labor union, and for having acted as a whistleblower when Elaine Beasley asked him to change financial figures in a fundraising matter. However, on appeal, although Lathwell challenges the grant of summary judgment "on all counts," he fails to argue this issue separately in his brief. Thus, pursuant to App.R. 12(A)(2) and App.R. 16(A), we decline to review the grant of summary judgment on the wrongful discharge claim.
We now review the trial court's grant of summary judgment on the remaining claims for defamation, intentional infliction of emotional distress, and invasion of privacy.
 III. A. Defamation
Lathwell's claim of defamation against Beasley is based on alleged remarks that Beasley made to another JOG employee, Rose Minkeiwicz, who allegedly related them to yet other JOG employees, including one Joyce Early. Lathwell also claimed that JOG and the school board condoned and ratified these defamatory remarks. However, on appeal, Lathwell fails to make a separate argument as to the school board's alleged ratification of the defamatory remarks. Thus, pursuant to App.R. 12(A)(2) and App.R. 16(A), this court declines to review this issue as to the school board.
To prevail in a defamation case, a plaintiff who is a private person must prove five elements: "(1) a false and defamatory statement; (2) about plaintiff; (3) published without privilege to a third party; (4) with fault of at least negligence on the part of the defendant; and (5) that was either defamatory per se or caused special harm to the plaintiff." Gosden v. Louis (1996),116 Ohio App.3d 195, 206, citing Akron-Canton Waste Oil, Inc. v.Safety-Kleen Oil Serv., Inc. (1992), 81 Ohio App.3d 591, 601.
Beasley's motion for summary judgment pointed out that the sole support for Lathwell's defamation claim is hearsay. Lathwell offered as support for his defamation claim the affidavit of Joyce Early. Early averred that Rose Minkeiwicz told her that "Elaine Beasley had audited Larry Lathwell's records and found discrepancies," and that "Elaine Beasley feared for her safety from Mr. Lathwell as he was known to be a violent person." Early stated that, based on this report, "I held Larry Lathwell in contempt and ridicule." In his deposition, Lathwell acknowledged that he does not know who any of these players are, except for Early and Beasley. Lathwell also admitted that he never contacted Minkeiwicz about the alleged comments made by Beasley about Lathwell.
Parties may submit to the trial court affidavits for purposes of supporting or opposing a motion for summary judgment. Civ.R. 56(E). However, Civ.R. 56(E) requires that "[s]upporting and opposing affidavits shall be made on personal knowledge, shall set forth such facts as would be admissible in evidence, and shall show affirmatively that the affiant is competent to testify to the matters stated in the affidavit." The pertinent portions of Early's affidavit were not made on personal knowledge of the ultimate fact to be established, that Beasley published these statements which allegedly defamed Lathwell. Early's affidavit is based on hearsay and is thus inadmissible as evidence to support Lathwell's defamation claim. Consequently, Lathwell did not point to evidence in the record that there was a genuine issue of material fact as to an essential element of his claim of defamation, namely that Beasley made a false and defamatory statement.
Viewing the facts in the light most favorable to Lathwell, the trial court properly concluded that the defendants were entitled to judgment as a matter of law on the defamation claim, and the trial court properly granted summary judgment to the defendants. As to the defamation claim, Lathwell's assignment of error is not well-taken.
Invasion of Privacy
Lathwell's claim of invasion of privacy is based on Emery's and Kingsley's entry into Lathwell's locked office and their search through Lathwell's desk drawer. Lathwell claimed that Kingsley and Emery searched his office at the request of Beasley.
The Supreme Court of Ohio has recognized an invasion of privacy claim involving "the wrongful intrusion into one's private activities in such a manner as to outrage or cause mental suffering, shame or humiliation to a person of ordinary sensibilities." Housh v. Peth (1956), 165 Ohio St. 35, paragraph two of the syllabus. The Court later expanded on Housh, stating, "[T]he scope of a person's liability for intrusion into another's seclusion is stated in Section 652B of the Restatement of Torts 2d, as follows: `One who intentionally intrudes, physically or otherwise, upon the solitude or seclusion of another or his private affairs or concerns, is subject to liability to the other for invasion of his privacy, if the intrusion would be highly offensive to a reasonable person.'" Sustin v. Fee (1982), 69 Ohio St.2d 143,145.
Kingsley and Emery admit entering the locked office during business hours. However, they deny opening Lathwell's desk drawer. Lathwell testified that he knew that numerous people had master keys to the various rooms in the high school, and that he himself had a master key that opened many other rooms. Lathwell testified that he had only a radio and other nondescript personal items in his office. He testified that he had nothing of a private nature that he kept there. Lathwell surmised that one desk drawer was probably opened by Kingsley and Emery, because the items in that drawer looked "disheveled." Lathwell testified that after discovering the entry into his office, he felt "upset" and "confused."
In their motion for summary judgment, Emery, Kingsley and the school board pointed to the fact that Lathwell admitted that he had nothing of a private nature in the office, that he understood other persons had access to his office for legitimate business purposes, and that Lathwell has not established any intrusion into his private activities. Beasley pointed out in her motion for summary judgment that Lathwell had produced no evidence to support his allegation that Beasley had any part in the investigation of Lathwell's office. In response, Lathwell asserted that he had a reasonable expectation of privacy in his office, despite the fact that he had nothing personal or private in the office and was not in the office at the time of the intrusion. Lathwell also filed an affidavit in which he stated, "As a result of the intrusion into my office by Mr. Emery and Mr. Kingsley I felt humiliated and embarrassed. I sought professional counseling as a result of their actions."
Lathwell has pointed to no evidence that there was a genuine issue of material fact that Beasley was involved in the inspection of Lathwell's office. Thus, Lathwell's claim of invasion of privacy against Beasley must fail. Kingsley and Emery had legitimate business reasons for entering Lathwell's office. Lathwell's own testimony established that he knew various other employees of the building had master keys, some of which would open his door. Furthermore, there was nothing of a private nature in Lathwell's office. Therefore, Lathwell has not established that there was a genuine issue of material fact as to whether Emery and Kingsley had entered upon "his private affairs or concerns." See Sustin, 69 Ohio St.2d at 145.
Viewing the facts in the light most favorable to Lathwell, the trial court properly concluded that reasonable minds could come to but one conclusion, in favor of the defendants, who were entitled to judgment as a matter of law on the claim of invasion of privacy. As to the invasion of privacy claim, Lathwell's assignment of error is not well-taken.
 C. Intentional Infliction of Emotional Distress
Lathwell's claim of intentional infliction of emotional distress is predicated on the underlying claim of the invasion of his office.[1] The Ohio Supreme Court has recognized liability for the tort of intentional infliction of emotional distress, holding that "[o]ne who by extreme and outrageous conduct intentionally * * * causes serious emotional distress to another is subject to liability for such emotional distress, and if bodily harm to the other results from it, for such bodily harm." Yeager v. Local Union 20 (1983), 6 Ohio St.3d 369, syllabus.
We have already determined that the evidence before the trial court was insufficient to withstand summary judgment on the invasion of privacy claim because Lathwell did not point to genuine issues of material fact that the search of the office violated his personal activities. Nor has Lathwell established that there was a genuine issue of material fact that the intrusion into his office constituted "extreme and outrageous conduct." Consequently, Lathwell could not prevail on his claim that this act constituted intentional infliction of emotional distress against Kingsley and Emery. The trial court appropriately granted summary judgment to the defendants. Lathwell's assignment of error as to the intentional infliction of emotional distress claim is overruled.
 IV.
As to the grant of summary judgment to the moving parties Beasley, Emery, Kingsley, and the school board, we have concluded that the trial court appropriately granted summary judgment on the invasion of privacy claim because Lathwell had a diminished expectation of privacy in his office which was not offended by Emery's and Kingsley's search of his office. We have determined that the trial court appropriately granted summary judgment to these defendants on the defamation claim, because there was no evidence on the record establishing any of the elements of that cause of action, as required by Civ.R. 56(E). We have concluded that because appellant's intentional infliction of emotional distress claim, as argued by appellant on appeal, is based on the previous two claims, the trial court appropriately granted summary judgment to these defendants as to this final claim.
However, as to the trial court's grant of judgment in favor of non-moving defendant JOG, we have determined that the trial court erred, and we reverse the trial court's judgment as to this defendant.
The Court finds that there were reasonable grounds for this appeal.
We order that a special mandate issue out of this Court, directing the Court of Common Pleas, County of Lorain, to carry this judgment into execution. A certified copy of this journal entry shall constitute the mandate, pursuant to App.R. 27.
Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run. App.R. 22(E).
Costs taxed to each party equally.
Exceptions.
 ___________________________ WILLIAM R. BAIRD
SLABY, J., BATCHELDER, J., CONCUR.
[1] Lathwell alleged that the wrongful discharge and the defamation also constituted intentional infliction of emotional distress. However, since Lathwell has not argued these claims on appeal, this court declines to review the grant of summary judgment under these additional claims. App.R. 12(A) and 16(A).