DECISION AND JOURNAL ENTRY
This cause was heard upon the record in the trial court. Each error assigned has been reviewed and the following disposition is made:
Appellants-cross appellees, R. Russell Ass., Inc. and Ronald R. Zambetti, (collectively referred to as "Russell") appeal the decision of the Summit County Court of Common Pleas ordering Russell to pay appellees-cross appellants, Malick Investments, George Malick and Rose Malick (collectively referred to as "Malick") damages in the amount of $8,608.60. Malick cross-appeals the decision of the trial court granting Russell summary judgment on Malick's breach of contract claim. We reverse in part and affirm in part.
 I.
On April 19, 1999, Malick filed a complaint against Russell alleging breach of contract, the tort of waste and damages to a leased property. Malick is the owner of a property located on Merriman Road. Malick entered into a 20 years lease with Food Franchise Inc.[1] Food Franchise leased the property for a monthly rent in the amount of $3,583.33. Food Franchise operated a Rax Restaurant at the leased premises for 16 years.
Pursuant to the lease, Food Franchise subleased the premises to Russell on October 27, 1995. Russell agreed to pay Food franchise 1/12 of the monthly real estate tax bill and rent under the following schedule: 1) from November 1, 1995 through March 31, 1995, $2000 a month; 2) from April 1, 1996 through March 31, 1997, $3000 per month and 3) from April 1, 1997 through March 31, 2000, $4000 per month. Russell operated a nightclub at the leased premises for 10 months. In 1996, Russell assigned its rights under the sublease with Food Franchise to Mellow Entertainment ("Mellow"). Mellow operated a business at the leased premises until sometime in 1998.
In the spring of 1998, Mr. Zambetti arranged to show the leased property to a prospective new business owner. Upon entering the leased property, Mr. Zambetti observed that the property was in disarray, filthy with trash and soil. Several months later, Mr. Zambetti's counsel provided Malick with notice that Mr. Zambetti would be reentering the leased property. On October 25, 1998, Mr. Zambetti and his associates entered the property and removed Russell's equipment and furniture. In November of 1998, Malick visited the leased property, observed the condition of the property and filed the claims against Russell.
Russell moved the trial court to dismiss the case or in the alternative to grant summary judgment on Malick's two claims. On September 27, 2000, the trial court granted Russell summary judgment on Malick's first claim of breach of contract finding that Malick was not a party to the 1995 sublease between Food Franchise and Russell. Malick's second claim for waste and damage proceeded to a bench trial.
On January 11, 2001, the trial court found that Malick failed to present evidence of waste or evidence of its "damages with sufficient particularity to allow a reasonable award." However, the trial court found that the property was used as a storage space from March to October of 1998. The trial court determined that the reasonable value of the leased property for storage purposes was 1/3 of its value as a commercial restaurant/bar (leasehold value of $3,583.33 per month). The trial court awarded Malick a judgment in the amount of $8,608.60. This appeal and cross-appeal followed.
 II.
Russell's Assignment of Error:
 THE TRIAL COURT ERRED IN GRANTING A JUDGMENT FOR THE APPELLEE WHERE THE APPELLEE NEITHER ASKED FOR THE JUDGMENT IN QUESTION NOR PRESENTED ANY EVIDENCE ON THE ISSUE THUS RENDERING THE JUDGMENT AGAINST THE WEIGHT AND THE LEGAL SUFFICIENCY OF THE EVIDENCE.
In its sole assignment of error, Russell argues that the trial court's judgment was against the manifest weight of the evidence and was not supported by sufficient evidence. We agree.
"Sufficiency of evidence" is a term of art that tests whether, as a matter of law, the evidence presented at trial is legally sufficient to sustain a verdict. See, e.g., State v. Thompkins (1997), 78 Ohio St.3d 380,386. An appellate court must not disturb a damage award if it is supported by competent, credible evidence. Arrow Concrete Co. v.Sheppard (1994), 96 Ohio App.3d 747, 750. In reviewing a damages award, an appellate court must not reweigh or assess the credibility of the evidence. State v. DeHass (1967), 10 Ohio St.2d 230, paragraph one of the syllabus. Where damages are established, the evidence need only tend to show the basis for the computation of damages to a fair degree of probability. Brewer v. Brothers (1992), 82 Ohio App.3d 148, 154.
In the present case, the trial court awarded judgment to Malick in the amount of $8,608.60. The trial court found that the leased property was used as a storage facility for Russell's equipment and furniture from March to October of 1998. The trial court valued the property as a storage space at 1/3 of the value of the property as a commercial restaurant/bar ($3,583.33 per month).
At trial, the parties stipulated that Mellow discontinued its operation at the leased property in 1998. Mr. Zambetti testified that after Mellow ceased its operation, he entered the property in March of 1998. Seven months elapsed before Mr. Zambetti reentered the property to remove Russell's equipment and furniture. Mr. Malick testified that the net lease per month was $3,583.33.
After a careful review of the record, we find that no evidence was presented at trial regarding the 1/3 valuation of the property as a storage space. The trial court's damages award was not supported by competent or credible evidence. Arrow Concrete Co.,96 Ohio App.3d at 750. Russell's assignment of error is sustained. The judgment of the trial court regarding the award of $8,608.60 representing the value of the property as a storage space is reversed.
 III.
Malick's Assignment of Error:
 THE TRIAL COURT ERRED AS A MATTER OF LAW WHEN IT GRANTED APPELLANTS' MOTION FOR SUMMARY JUDGMENT ON COUNT 1 OF THE CROSS-APPELLANTS' COMPLAINT ON THE GROUNDS OF LACK OF PRIVITY.
In Malick's sole assignment of error, he argues that the trial court erred in granting Russell summary judgment on Malick's first claim regarding breach of contract. We disagree.
To prevail on a summary judgment motion, the moving party "bears the initial burden of demonstrating that there are no genuine issues of material fact concerning an essential element of the opponent's case." (Emphasis sic.) Dresher v. Burt (1996), 75 Ohio St.3d 280, 292. To accomplish this, the movant must be able to point out to the trial court "evidentiary materials [that] show that there is no genuine issue as to any material fact, and that the moving party is entitled to judgment as a matter of law." Id. at 293. If such evidence is produced, the non-moving party must proffer evidence that some issue of material fact remains for the trial court to resolve. Id.
An appellate court reviews an award of summary judgment de novo and, like the trial court, must view the facts in the case in the light most favorable to the non-moving party. Grafton v. Ohio Edison Co. (1996),77 Ohio St.3d 102, 105. Any doubt must be resolved in favor of the non-moving party. Viock v. Stowe-Woodward Co. (1983), 13 Ohio App.3d 7,12.
Where the non-moving party would have the burden of proving all of a number of elements in order to prevail at trial, the moving party in the summary judgment motion may point to evidence that the non-moving party cannot possibly prevail on an essential element of the claim. See e.g.,Stivison v. Goodyear Tire Rubber Co. (1997), 80 Ohio St.3d 498, 499. If the moving party meets this burden of proof, the burden then shifts to the non-moving party to show that there is a genuine issue of material fact as to that element. Dresher, 75 Ohio St.3d at 293.
 Generally, a breach of contract occurs when a party demonstrates the existence of a binding contract or agreement; the non-breaching party performed its contractual obligations; the other party failed to fulfill its contractual obligations without legal excuse; and the non-breaching party suffered damages as a result of the breach.
Garofalo v. Chicago Title Ins. Co. (1995), 104 Ohio App.3d 95, 108. A claimant seeking to recover for breach of contract must show damage as a result of the breach. Metro. Life Ins. Co. v. Triskett Illinois, Inc. (1994), 97 Ohio App.3d 228, 235.
In the present case, Russell moved for summary judgment on Malick's breach of contract claim asserting there were no contractual obligations between Russell and Malick. Russell supported its motion for summary judgment with a copy of: 1) Malick and Food Franchise's lease, 2) Food Franchise and Russell's sublease, 3) Food Franchise and Russell's assignment of the sublease to Mellow, and 4) an affidavit by Mr. Zambetti.
Article 27 of the Malick and Food Franchise lease states:
 Lessee may, [with] the consent of Lessor, * * * [which shall not be unreasonably withheld] assign or encumber this Lease or its right hereunder. Lessee shall also have the right to sublet all or any part of the demised premises at any time and from time to time during the term of this Lease without restriction. Lessee agrees to furnish to Lessor written notice of such an assignment or sublease within thirty (30) days thereafter, together with the name and address of the assignee or sublessee. However, in the event of such an assignment or subletting, Lessee shall remain liable for the payment of all rents required to be paid hereunder and for the performance of all terms, covenants and conditions herein undertaken by Lessee.
The record reflects that Food Franchise exercised its rights under this contract provision and entered into a sublease agreement with Russell. Mr. Zambetti personally guaranteed the sublease. Malick was not a party to the contractual agreement between Food Franchise, Russell and Mr. Zambetti.
The Dresher burden shifted to Malick to show that there was a contractual agreement between Malick and Russell. Malick failed to meet this threshold burden. Malick asserted that privity existed with Russell because Food Franchise was required to acquire Malick's consent to a sublease agreement. However, the provision at issue does not require Malick's consent. Article 27 states "Lessee shall also have the right to sublet all or any part of the demised premises at any time and from time to time during the term of this Lease without restriction."
We find that Russell met its Dresher burden to show that there is no material issue of fact regarding the breach of contract claim. Accordingly, the trial court did not err in granting summary judgment to Russell on this claim. Malick's assignment of error is overruled.
 IV.
Malick's assignment of error is overruled and the judgment of the trial court regarding the grant of summary judgment on Malick's breach of contract claim is affirmed. Russell's assignment of error is sustained and the judgment of the trial court awarding $8,608.60 to Malick is reversed and remanded for further proceedings consistent with this opinion.
The Court finds that there were reasonable grounds for this appeal.
We order that a special mandate issue out of this Court, directing the County of Summit, State of Ohio, to carry this judgment into execution. A certified copy of this journal entry shall constitute the mandate, pursuant to App.R. 27.
Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run. App.R. 22(E).
Costs taxed to both parties equally.
Exceptions.
CARR, J., WHITMORE, J. CONCUR
[1] The record reflects that effective December 28, 1997, Food Franchise dissolved its corporation.