This cause was heard upon the record in the trial court. Each error assigned has been reviewed and the following disposition is made:
Appellant Kevin Atkins ("Atkins") appeals the decisions of the Lorain County Court of Common Pleas striking the affidavit of Kevin May, granting summary judgment to Appellee David Chudowsky ("Chudowsky"), and granting summary judgment to Appellees Fountain Bleu Party Center and 635 Warriors, Ltd. (collectively "Fountain Bleu").[1] We affirm in part, reverse in part, and remand the cause for further proceedings.
 I.
Fountain Bleu Party Center is a party center with group meeting rooms for special occasions. On June 20, 1998, Atkins attended a wedding reception at the party center. On this particular evening, wedding receptions were being held in both of the party center's meeting rooms. One security guard was on duty. One of the two celebrations ended earlier than the other, and some guests from the first party joined the reception in the adjoining room.
Thereafter, members of the wedding party at the second reception, including Chudowsky, asked the uninvited guests to leave. Tempers flared, and arguments broke out on the premises. Atkins claims that while he was watching one of these altercations, Chudowsky assaulted him without warning.
On February 19, 1999, Atkins filed his complaint against Chudowsky asserting that Chudowsky assaulted him. Atkins also asserted a claim against Fountain Bleu claiming that the business and its employees were negligent, that the business was negligent in the training and supervision of its employees and in its failure to provide adequate security personnel. Both Fountain Bleu and Chudowsky filed motions for summary judgment. Atkins voluntarily dismissed the original action prior to the court ruling on the outstanding motions for summary judgment.
Atkins re-filed his complaint on June 16, 2000. The trial court entered a pretrial order on October 31, 2000, stating
 Case is re-filed. All fact discovery is completed except [deposition] of Kevin May. Plaintiff shall complete the [deposition] of Kevin May on or before 12-15-00. [Defendants] have previously filed Motion(s) for Summary Judgment; Plaintiff shall respond on or before 1-15-01; Reply(s), if any shall be filed on or before 1-31-01; Court to rule thereafter.
Atkins did not take Kevin May's ("May") deposition. Instead, Atkins filed May's affidavit on January 2, 2001. Chudowsky then filed a motion to strike May's affidavit. Atkins filed a brief in opposition to Chudowsky's motion to strike.
On February 23, 2001, the trial court granted Chudowsky's motion to strike May's affidavit and granted Chudowsky's motion for summary judgment. On March 22, 2001, the court granted Fountain Bleu's motion for summary judgment.
Atkins timely appealed, presenting three assignments of error.
 II. First Assignment of Error THE COURT ERRED IN GRANTING APPELLEE DAVID CHUDOWSKY'S MOTION TO STRIKE THE AFFIDAVIT OF KEVIN MAY.
In Atkins' first assignment of error, he argues that the trial court erred in granting Chudowsky's motion to strike May's affidavit. We agree.
A trial court has broad discretion in the management of discovery procedure. State ex rel. Daggett v. Gessaman (1973), 34 Ohio St.2d 55, paragraph one of the syllabus. Furthermore, the Ohio Rules of Civil Procedure allow a court to exclude testimony as a sanction for failing to comply with discovery orders. See Civ.R. 37(B)(2)(b). A court's order managing discovery or a decision imposing sanctions for a violation of a discovery order will be upheld absent an abuse of discretion. State exrel. V Cos. v. Marshall (1998), 81 Ohio St.3d 467, 469. An abuse of discretion is more than merely an error of judgment; it connotes a decision that is unreasonable, arbitrary, or unconscionable. Id. When applying the abuse of discretion standard, an appellate court may not substitute its judgment for that of the trial court. Berk v. Matthews
(1999), 53 Ohio St.3d 161, 169.
In this case, the trial court struck May's affidavit, stating that "Plaintiff has failed to comply with [the] court's order which ordered Plaintiff to complete the deposition of Kevin May on or before December 15, 2000[.]" The trial court's pretrial order of October 31, 2000 stated that Plaintiff "shall complete the [deposition] of Kevin May by December 15, 2000." The court entered the October 31 order in connection with a status conference. This order was not in response to a motion to compel, as the record reflects that no such motion was filed in this matter. Thus, the striking of the affidavit could not have been imposed as a sanction for failure to comply with a discovery order.
We find that the trial court abused its discretion in striking May's affidavit. Any fair reading of the trial court's order is that it merely established a time deadline for discovery. Atkins was free to decide if he would depose May. The trial court's order did not create an affirmative obligation for Atkins to depose May, and Atkins' failure to take May's deposition was not a failure to comply with a discovery order.
Therefore, the exclusion of May's affidavit was error. Atkins' first assignment of error is sustained.
 III. Second Assignment of Error THE COURT ERRED IN GRANTING APPELLEE DAVID CHUDOWSKY'S MOTION FOR SUMMARY JUDGMENT.
In his second assignment of error, Atkins asserts that the trial court erred in granting Chudowsky's motion for summary judgment. We agree.
An appellate court reviews an award of summary judgment de novo.Grafton v. Ohio Edison Co. (1996), 77 Ohio St.3d 102, 105. We apply the same standard as the trial court, viewing the facts in the case in the light most favorable to the non-moving party and resolving any doubt in favor of the non-moving party. Viock v. Stowe-Woodward Co. (1983),13 Ohio App.3d 7, 12.
Pursuant to Civil Rule 56(C), summary judgment is proper if:
 (1) No genuine issue as to any material fact remains to be litigated; (2) the moving party is entitled to judgment as a matter of law; and (3) it appears from the evidence that reasonable minds can come to but one conclusion, and viewing such evidence most strongly in favor of the party against whom the motion for summary judgment is made, that conclusion is adverse to that party.
Temple v. Wean United, Inc. (1977), 50 Ohio St.2d 317, 327. To prevail on a motion for summary judgment, the party moving for summary judgment must be able to point to evidentiary materials that show that there is no genuine issue as to any material fact, and that the moving party is entitled to judgment as a matter of law. Dresher v. Burt (1996),75 Ohio St.3d 280, 293. The non-moving party must then present evidence that some issue of material fact remains for the trial court to resolve.Id.
Where the non-moving party would have the burden of proving a number of elements in order to prevail at trial, the party moving for summary judgment may point to evidence that the non-moving party cannot possibly prevail on an essential element of the claim. See, e.g., Stivison v.Goodyear Tire Rubber Co. (1997), 80 Ohio St.3d 498, 499. The moving party "bears the initial burden of demonstrating that there are no genuine issues of material fact concerning an essential element of the opponent's case." Dresher, 75 Ohio St.3d at 292. The burden then shifts to the non-moving party to show that there is a genuine issue of material fact as to that element. Id. at 293. "Mere reliance upon the pleadings is insufficient." Carr v. Nemer (Dec. 16, 1992), Summit App. No. 15575, unreported, at 2.
In this case, Chudowsky submitted deposition testimony and answers to requests for admissions in support of his motion for summary judgment. Chudowsky claimed that Atkins could provide no evidence to prove that Chudowsky was the one who assaulted him. Chudowsky further claimed that if he did assault Atkins, the defense of privilege applied.
Atkins submitted the affidavit of May in opposition to Chudowsky's motion for summary judgment. In his affidavit, May states that he was working at Fountain Bleu Party Center on the day in question, and May identifies Chudowsky as the man he observed strike Atkins.
The trial court did not consider May's affidavit when it reviewed Chudowsky's motion for summary judgment because it struck the affidavit from the record. We have already held that the decision to strike was error, and the trial court should have considered the affidavit in its review of the motion for summary judgment. The trial court's order setting a deadline for Atkins to respond to Appellees' motions for summary judgment did not limit the response to any particular form. Thus, Atkins could have responded by presenting any evidence as is authorized under Civ.R. 56, including an affidavit.
May's affidavit creates a genuine issue of material fact. As such, summary judgment was improper. Atkins' first assignment of error is therefore sustained.
 Third Assignment of Error THE COURT ERRED IN GRANTING APPELLEES FOUNTAIN BLEU PARTY CENTER LTD. AND 635 WARRIORS, LTD'S MOTION FOR SUMMARY JUDGMENT.
In his third and final assignment of error, Atkins argues that the trial court erred when it granted Fountain Bleu and 635 Warriors' motion for summary judgment. We disagree.
We have already set out the law governing our review of an order granting summary judgment. Atkins argues that the trial court disregarded his brief in opposition to Fountain Bleu's motion for summary judgment and an affidavit of a security expert attached to the brief. Atkins asserts that the brief and affidavit create an issue of material fact, thus rendering summary judgment improper. However, the brief and affidavit are not a part of the record in this case. Furthermore, the record reflects that no such documents were ever filed in this case. Atkins did not file any other response to Fountain Bleu's motion for summary judgment. Therefore, in our review of Fountain Bleu's summary judgment, we will consider only Fountain Bleu's motion and exhibits and pleadings filed in this case.
Atkins asserts that Fountain Bleu breached its duty of ordinary care by not providing adequate security to prevent the assault from occurring. A business owner has the duty to warn business invitees of or to protect them from the criminal acts of third parties if the business owner knows, or, in the exercise of ordinary care, should have known of the danger to the invitee. Howard v. Rogers (1969), 19 Ohio St.2d 42, 47. However, the business owner is not an insurer of the invitee's safety.Id. Instead, liability depends upon whether the business owner should have reasonably known or anticipated that a third party was likely to cause injury to the invitee and if such injury occurs from the business' failure to warn or protect the invitee. Id. at 47-48.
In this case, Atkins must prove that Fountain Bleu owed him a duty and subsequently breached that duty. In other words, the trial court had to determine whether Fountain Bleu had a duty to anticipate that violence would erupt among the wedding guests and breached that duty by failing to provide adequate security.
Fountain Bleu first claims that Atkins cannot show that Fountain Bleu had prior knowledge of any criminal activity or that it had any reason to suspect the likelihood of such activity. Fountain Bleu states that Atkins has failed to develop any discovery on this issue. However, Fountain Bleu provides no evidence of the type listed in Civ.R. 56 to support this motion. In order to prevail on its motion for summary judgment on the basis that Atkins cannot possibly prove prior knowledge, Fountain Bleu must be able identify the portion of the record, whether it be in the pleadings, depositions, answers to interrogatories, written admissions, affidavits, or transcripts of evidence, that demonstrates the absence of proof of this element. While Fountain Bleu asserts that Atkins has completed no discovery on this issue, Fountain Bleu has failed to point to evidence in the record supporting this assertion as is required.
However, Fountain Bleu also argues that Atkins cannot show any breach on behalf of Fountain Bleu. Fountain Bleu submitted testimony from Chudowsky's deposition in support of its motion for summary judgment. Chudowsky testified that Fountain Bleu's security guard broke up a fight between Chudowsky's brother and another person. Chudowsky further testified that the security guard responded quickly, and that the total time it took for the situation to escalate was "maybe a minute, two minutes." The testimony further reveals that Fountain Bleu's employees acted quickly in calling the police to the scene once the fighting began. Chudowsky also testified that he did not have any encounters with security during the wedding reception that were anything remarkable at the time, and that the guests attending his reception were behaving themselves and having a great time.
Atkins provided no evidence that the actions of the security guard contributed to his injury, or that the training the guard received from Fountain Bleu was inadequate. To the contrary, the testimony provided shows that the guard acted quickly in diffusing the situation. In this instance, Atkins has created no genuine issue as to material fact and Fountain Bleu was entitled to judgment as a matter of law. Viewing the evidence in the light most favorable to Atkins, reasonable minds can come to only one conclusion, and that conclusion is against Atkins. Summary judgment was proper. Therefore, Atkins' third assignment of error is overruled.
Having sustained Atkins' first and second assignments of error and overruled his third assignment of error, we affirm the decision of the trial court in part, reverse in part, and remand for further proceedings.
The Court finds that there were reasonable grounds for this appeal.
We order that a special mandate issue out of this Court, directing the Court of Common Pleas, County of Lorain, State of Ohio, to carry this judgment into execution. A certified copy of this journal entry shall constitute the mandate, pursuant to App.R. 27.
Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run. App.R. 22(E).
Costs taxed to both parties equally.
Exceptions.
BATCHELDER, P.J., SLABY, J. CONCUR.
[1] Appellee Fountain Bleu is the owner of the business located on the premises, while Appellee 635 Warriors, Ltd. owns the property itself.