This cause was heard upon the record in the trial court. Each error assigned has been reviewed and the following disposition is made:
Plaintiffs-Appellants, Nancy Jett Boardman and her adult children, have appealed from an order of the Summit County Court of Common Pleas that denied their motion to stay the proceedings and granted summary judgment in favor of Defendants-Appellees, Michael L. Stark, Gigi Woodruff, and the law firm of Stark Knoll Co., L.P.A. This Court affirms.
 I
In 1977, William J. Boardman III ("Mr. Boardman") executed a trust to benefit his wife for her life, with the remainder to their children. Mr. Boardman modified that trust in 1982. The modified trust included provisions concerning tax liability, such as unified credit and state death tax credit. In 1985, Mr. Boardman passed away and Appellees prepared the tax return for his estate.
On July 29, 2000, Appellants filed a complaint against Appellees for legal malpractice. Appellants alleged that Appellees breached their duty of care when they prepared and filed the federal estate tax return on behalf of Mr. Boardman's estate. The return included a qualified terminable interest property ("QTIP") election. Appellants contended that upon the death of Nancy Jett Boardman ("Mrs. Boardman"), the QTIP election will have the effect of transferring the property from the trust into Mrs. Boardman's taxable estate instead of allowing the property to pass to the Boardman children free of any estate taxes.
Appellees filed a motion for summary judgment based on the fact that no injury has occurred, and therefore Appellants cannot establish liability and damages. After conceding the fact that they have not yet experienced any harm, Appellants filed a motion to stay the proceedings until Mrs. Boardman dies so that the injury and damages will be better known. Appellees responded to Appellants' motion to stay and filed a reply brief in support of their summary judgment motion. The trial court granted Appellees' motion for summary judgment and denied Appellants' motion to stay. Appellants have appealed the order, asserting one assignment of error.
 II Assignment of Error "THE TRIAL COURT ERRED BY GRANTING SUMMARY JUDGMENT AND DISMISSING THIS CASE INSTEAD OF GRANTING A STAY IN PROCEEDINGS."
In their sole assignment of error, Appellants have argued that the trial court erred when it granted summary judgment in favor of Appellees and denied their motion to stay the proceedings. Appellants have contended that the trial court's decision is contrary to Section 16, Article I of the Ohio Constitution because it denies them a remedy. This Court will first address Appellants' argument concerning summary judgment.
Pursuant to Civ.R. 56(C), summary judgment is appropriate when:
 "(1) No genuine issue as to any material fact remains to be litigated; (2) the moving party is entitled to judgment as a matter of law; and (3) it appears from the evidence that reasonable minds can come to but one conclusion, and viewing such evidence most strongly in favor of the party against whom the motion for summary judgment is made, that conclusion is adverse to that party." Temple v. Wean United, Inc. (1977), 50 Ohio St.2d 317, 327.
To prevail on a summary judgment motion, the moving party "bears the initial burden of demonstrating that there are no genuine issues of material fact concerning an essential element of the opponent's case." (Emphasis sic.) Dresher v. Burt (1996), 75 Ohio St.3d 280, 292. If the moving party satisfies its burden, the non-moving party "must set forth specific facts showing that there is a genuine issue for trial." Id. at 293, quoting Civ.R. 56(E). An appellate court reviews an award of summary judgment de novo and, like the trial court, must view the facts in the case in the light most favorable to the non-moving party. Grafton v. OhioEdison Co. (1996), 77 Ohio St.3d 102, 105. Any doubt must be resolved in favor of the non-moving party. Viock v. Stowe-Woodward Co. (1983),13 Ohio App.3d 7, 12.
To establish a case for legal malpractice one must prove three elements: 1) the attorney owed a duty; 2) there was a breach of that duty and the attorney failed to conform to the standard of care required by law; and 3) there was a causal connection between the conduct complained of and the resulting damage. Vahila v. Hall (1997), 77 Ohio St.3d 421,427.
This Court finds that Appellees met their Dresher burden and were entitled to summary judgment. The record shows that Appellees presented evidence in their motion for summary judgment that Appellants could not possibly prevail on their legal malpractice claim because no injury has occurred and thus, there is no resulting damage. See Stivison v. GoodyearTire Rubber Co. (1997), 80 Ohio St.3d 498, 499. Once Appellees met their Dresher burden, the burden then shifted to Appellants to show that there was a genuine issue of material fact as to the causation, injury, and damages element. Dresher, 75 Ohio St.3d at 293.
Appellants have alleged that an injury and resulting damage are possible. However, they have failed to make a showing of evidence as to the existence of the injury and resulting damage, which is an essential element of their cause of action. In fact, Appellants have conceded that no injury or resulting damage currently exists because such events cannot occur until Mrs. Boardman passes away. "In such a situation, there can be `no genuine issue as to any material fact,' since a complete failure of proof concerning an essential element of the nonmoving party's case necessarily renders all other facts immaterial." Dresher,75 Ohio St.3d at 288, quoting Celotex Corp. v. Catrett (1986), 477 U.S. 317, 322-23,106 S.Ct. 2548, 91 L.Ed.2d 265. Accordingly, the trial court did not err in granting Appellees' summary judgment motion.
Appellants' claim that the trial court erred in denying their motion to stay is rendered moot by our resolution of their argument that the trial court erred in granting Appellees' motion for summary judgment. See App.R. 12(A)(1)(c). Based on the foregoing, Appellants' sole assignment of error is overruled.
 III
Appellants' sole assignment of error is overruled. The judgment of the trial court is affirmed.
The Court finds that there were reasonable grounds for this appeal.
We order that a special mandate issue out of this Court, directing the Court of Common Pleas, County of Summit, State of Ohio, to carry this judgment into execution. A certified copy of this journal entry shall constitute the mandate, pursuant to App.R. 27.
Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run. App.R. 22(E). The Clerk of the Court of Appeals is instructed to mail a notice of entry of this judgment to the parties and to make a notation of the mailing in the docket, pursuant to App.R. 30.
Costs taxed to Appellants.
Exceptions.
BAIRD, P.J., CARR, J. CONCUR.