This cause was heard upon the record in the trial court. Each error assigned has been reviewed and the following disposition is made:
{¶ 1} Appellant, Automation Tool Die, Inc. ("Automation"), appeals a decision of the Medina County Court of Common Pleas granting summary judgment to Appellees, Kenneth Cook ("Cook") and Attorney Greg Relic ("Relic") (together, "Appellees"). We affirm.
 I. {¶ 2} On October 5, 1994, Cook, represented by Relic, sued Automation in common pleas court alleging that Automation violated Section 4980, Title 26, U.S. Code, and R.C. 3923.38 by failing to offer an extension of medical benefits to Cook when his employment with Automation ended. Automation removed the case to federal court. Ultimately, the parties agreed to a voluntary dismissal with prejudice on March 26, 1999.
 {¶ 3} Shortly thereafter, Automation sued Appellees in the Medina County Court of Common Pleas on May 25, 1999, asserting malicious prosecution and abuse of process. While that action was pending, Automation filed a motion in the federal court seeking attorney fees expended in defending against Cook's federal suit. The motion was granted November 22, 1999, and the federal court ordered Relic to pay $4,882.08 in attorney fees pursuant to Section 1927, Title 28, U.S.Code. Section 1927 allows an award of excess costs, expenses, and attorneys' fees attributable to the unreasonable and vexatious multiplication of proceedings arising from an opposing attorney's conduct.
 {¶ 4} On April 7, 2000, Automation filed a document in the common pleas case entitled "Notice of Voluntary Dismissal of Plaintiff's Malicious Prosecution Claim Only." On August 21, 2000, the common pleas court found that under Civ.R. 41(A), this voluntary dismissal acted as a dismissal without prejudice of the entire action and not solely one claim. Eventually, Automation re-filed the complaint on May 3, 2001, seeking compensatory and punitive damages resulting from defending the federal case, as well as costs and attorneys' fees for the re-filed state action.
 {¶ 5} On October 11, 2001, Appellees filed a motion for summary judgment on several different grounds. The trial court granted the motion, stating "that the settlement of the ERISA claims in the Federal action acts as a bar to the claims for [attorneys'] fees and costs advanced in the within action." This appeal followed. Automation presents two assignments of error. For ease of discussion, we will address both assignments of error together.
 II. Assignment of Error No. 1 {¶ 6} "THE TRIAL COURT ERRED IN DECIDING THAT THE DISMISSAL OF THE FEDERAL LITIGATION AND THE SUBSEQUENT AWARD OF SANCTIONS BARRED PLAINTIFF'S STATE LAW CLAIM FOR ABUSE OF PROCESS."
 Assignment of Error No. 2 {¶ 7} "THE TRIAL COURT ERRED IN DISMISSING THE PLAINTIFF'S COMPLAINT ON THE BASIS THAT THE DISMISSAL OF THE ERISA CLAIM IN FEDERAL COURT WAS A BAR TO PLAINTIFF'S SUBSEQUENT STATE LAW ABUSE OF PROCESS CLAIM."
 {¶ 8} In its two assignments of error, Automation challenges the grant of summary judgment to Appellees and argues that the Section 1927 award of costs and fees in the federal case does not bar a separate cause of action for abuse of process in a state court.
 {¶ 9} An appellate court reviews an award of summary judgment de novo. Grafton v. Ohio Edison Co. (1996), 77 Ohio St.3d 102, 105. We apply the same standard as the trial court, viewing the facts in the case in the light most favorable to the non-moving party and resolving any doubt in favor of the non-moving party. Viock v. Stowe-Woodward Co. (1983),13 Ohio App.3d 7, 12. Pursuant to Civ.R. 56(C), summary judgment is proper if:
 {¶ 10} "(1) No genuine issue as to any material fact remains to be litigated; (2) the moving party is entitled to judgment as a matter of law; and (3) it appears from the evidence that reasonable minds can come to but one conclusion, and viewing such evidence most strongly in favor of the party against whom the motion for summary judgment is made, that conclusion is adverse to that party." Temple v. Wean United, Inc.
(1977), 50 Ohio St.2d 317, 327.
 {¶ 11} To prevail on a motion for summary judgment, the party moving for summary judgment must be able to point to evidentiary materials that show that there is no genuine issue as to any material fact, and that the moving party is entitled to judgment as a matter of law. Dresher v. Burt (1996), 75 Ohio St.3d 280, 293. Where the non-moving party would have the burden of proving a number of elements in order to prevail at trial, the party moving for summary judgment may point to evidence that the non-moving party cannot possibly prevail on an essential element of the claim. See, e.g., Stivison v. Goodyear Tire Rubber Co. (1997), 80 Ohio St.3d 498, 499. The moving party "bears the initial burden of demonstrating that there are no genuine issues of material fact concerning an essential element of the opponent's case."Dresher, 75 Ohio St.3d at 292.
 {¶ 12} In the motion for summary judgment, Appellees state that summary judgment is proper because Automation cannot prove the elements of malicious prosecution[1] or abuse of process, the complaint is pre-empted by ERISA, Automation is precluded from recovery by the doctrine of remedies, the claim is barred by the doctrine of res judicata, and the statute of limitations has run.
 {¶ 13} We begin our discussion with the application of the doctrine of res judicata.
 {¶ 14} A valid, final judgment on the merits bars all subsequent actions based upon any claim arising out of the transaction or occurrence that was the subject matter of the previous action. Holzemer v. Urbanski
(1999), 86 Ohio St.3d 129, 133, quoting Grava v. Parkman Twp. (1995),73 Ohio St.3d 379, syllabus. Moreover, the existing final judgment between the parties to litigation is conclusive as to all claims that were or might have been litigated in the previous action. Id.
 {¶ 15} Civ.R.13(A) provides that a party must state as a counterclaim any claim held against an opposing party, if it arises out of the transaction or occurrence that is the subject matter of the opposing party's claim.
 {¶ 16} The elements of an abuse of process claim are: (1) that a legal proceeding has been set in motion in proper form and with probable cause; (2) that the proceeding has been perverted in an attempt to accomplish an ulterior purpose for which it was not designed; and (3) that direct damage has resulted from the wrongful use of process.Yaklevich v. Kemp, Schaeffer Rowe (1994), 68 Ohio St.3d 294, paragraph one of the syllabus. A claim for abuse of process is not a compulsory counterclaim that must be brought in the underlying litigation. Id. at paragraph two of the syllabus. In a typical case, the abuse of process does not arise out of the same transaction or occurrence that is the subject matter of the underlying claim, but arises from events occurring during the course of the underlying litigation. (Emphasis added.) Id. at 299.
 {¶ 17} A review of the complaint indicates that this is an atypical case of abuse of process. The complaint alleges in Count I that the proceedings were instituted with "the improper purpose of coercing [Automation] into re-enrolling [Cook] in the company's health plan[.]" Likewise in Count II, the complaint alleges that Relic improperly instituted legal proceedings against Automation. Therefore, this is a case alleging improper motive ab initio, and so the cause of action did not arise solely from events occurring during the course of the underlying litigation. That being the case, and the Yaklevich holding notwithstanding, this is a case which could have been litigated in the prior action, and the doctrine of res judicata directs that the prior litigation is conclusive as to all claims between these parties.
 {¶ 18} As a defense to res judicata, Automation claims that "[a] dismissal with prejudice in federal court acts as an adjudication on the merits of a plaintiff's claim only and bars a plaintiff from refiling the same action" and this applies to a stipulation for a dismissal with prejudice, also. Automation cites four cases in support of that position. We fail to find language in any of these cases that supports Automation's belief that only a plaintiff is barred from further claims by res judicata in a stipulated voluntary dismissal with prejudice. To so hold would be contrary to the well-established principle that res judicata is bar to all claims which were or could have been brought at the time of the action. In addition, there exists an abundance of case law stating a stipulation of dismissal with prejudice has the effect of an adjudication on the merits which bars further claims on the same cause of action. See, e.g., Horne v. Woolever (1959), 170 Ohio St. 178, 182 (when a party consents to a judgment of dismissal with prejudice, the judgment is final as to all claims asserted or which should have asserted therein). See, also, Tower City Properties v. Cuyahoga Cty. Bd. of Revision (1990),49 Ohio St.3d 67, 69 (where a dismissal is with prejudice, the effect is an adjudication upon the merits, and the action is vulnerable to a defense of res judicata). Therefore, Appellees are entitled to judgment as a matter of law, and Automation's assignments of error are overruled.
 {¶ 19} Because the issue of res judicata is dispositive, the parties' remaining arguments are moot, and we decline to address them. See App.R. 12(A)(1)(c).
 III. {¶ 20} Automation's assignments of error are overruled. The judgment of the Medina County Court of Common Pleas is affirmed.
 {¶ 21} The Court finds that there were reasonable grounds for this appeal.
{¶ {¶ 22} We order that a special mandate issue out of this Court, directing the , County of Medina, State of Ohio, to carry this judgment into execution. A certified copy of this journal entry shall constitute the mandate, pursuant to App.R. 27.
{¶ {¶ 23} Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run. App.R. 22(E). The Clerk of the Court of Appeals is instructed to mail a notice of entry of this judgment to the parties and to make a notation of the mailing in the docket, pursuant to App.R. 30.
SLABY, P.J. and CARR, J., concur
[1] Automation has abandoned the claim of malicious prosecution.