DECISION AND JOURNAL ENTRY
{¶ 1} Appellant, Music Centers, Inc. ("Falls Music"), has appealed from a decision of the Summit County Court of Common Pleas, which granted summary judgment in favor of Appellee, the City of Cuyahoga Falls, Ohio ("City"). We affirm.
 I. {¶ 2} Falls Music Center is a music store located in downtown Cuyahoga Falls. In May of 2000, the City received a complaint regarding a deteriorating grate in the sidewalk in front of Falls Music. After investigating the problem, the City's engineering department discovered that the grate led to a vault beneath the sidewalk. The vault contained water lines and electric lines. After resolving a hazard posed by the electric lines, the engineering department decided to fill the vault with a concrete mix, and hired Gironda Construction ("Gironda") to perform the job. A crew from Gironda began filling the vault on January 16, 2001. Instead of filling the vault, however, the concrete mix broke through the walls of the vault and flooded into the lower level of Falls Music Center, rupturing a gas line and a water line in its path.
 {¶ 3} On July 19, 2001, Falls Music filed a complaint against the City, and also against other parties who are not involved in this appeal. Falls Music alleged that it had suffered property damage as the result of the City's negligent, willful, wanton, and reckless conduct. On January 10, 2003, the City filed a motion for summary judgment. The trial court granted that motion on July 18, 2003, determining that the City was immune from liability pursuant to R.C. 2744.
 {¶ 4} Appellant timely appealed, raising two assignments of error.
 II. {¶ 5} We begin our discussion by noting the appropriate standard of review. In both of its assignments of error, Appellant challenges the trial court's grant of summary judgment in favor of the City. An appellate court reviews an award of summary judgment de novo. Grafton v. Ohio Edison Co. (1996),77 Ohio St.3d 102, 105. We apply the same standard as the trial court, viewing the facts in the case in the light most favorable to the non-moving party and resolving any doubt in favor of the non-moving party. Viock v. Stowe-Woodward Co. (1983),13 Ohio App.3d 7, 12.
 {¶ 6} Pursuant to Civil Rule 56(C), summary judgment is proper if:
"(1) No genuine issue as to any material fact remains to be litigated; (2) the moving party is entitled to judgment as a matter of law; and (3) it appears from the evidence that reasonable minds can come to but one conclusion, and viewing such evidence most strongly in favor of the party against whom the motion for summary judgment is made, that conclusion is adverse to that party." Temple v. Wean United, Inc. (1977),50 Ohio St.2d 317, 327.
 {¶ 7} The party moving for summary judgment bears the initial burden of informing the trial court of the basis for the motion and pointing to parts of the record that show the absence of a genuine issue of material fact. Dresher v. Burt (1996),75 Ohio St.3d 280, 293-294. The non-moving party must then present evidence that some issue of material fact remains for the trial court to resolve. Id. Where the non-moving party would have the burden of proving a number of elements in order to prevail at trial, the party moving for summary judgment may point to evidence that the non-moving party cannot possibly prevail on an essential element of the claim. See, e.g., Stivison v. GoodyearTire Rubber Co. (1997), 80 Ohio St.3d 498, 499. The burden would then shift to the non-moving party to show that there is a genuine issue of material fact as to that element. Dresher,75 Ohio St.3d at 293.
 Assignment of Error No. 1
"The trial court erred as a matter of law in finding the city's decision to abandon their electrical vault was a governmental function pursuant to r.c. 2744.02(c)(2)(e)."
 {¶ 8} In its first assignment of error, Appellant argues that the trial court erred by determining that the City was performing a governmental function when it engaged in the conduct underlying Appellant's claims against it. We disagree.
 {¶ 9} R.C. 2744.02(A)(1) provides that political subdivisions, such as Appellee, are immune from tort liability "allegedly caused by any act or omission of the political subdivision or an employee of the political subdivision in connection with a governmental or proprietary function." This broad bestowal of immunity is not absolute, but is qualified by the five exceptions provided by R.C. 2744.02(B). The second of those exceptions provides that "* * * political subdivisions are liable for injury, death, or loss to persons or property caused by the negligent performance of acts by their employees with respect to proprietary functions of the political subdivisions." R.C. 2744.02(B)(2). Appellant maintains that the City was engaged in a proprietary function when it attempted to fill the vault, and that the City's immunity is therefore subject to the above exception. The City, however, contends that it was engaged in a governmental function, and that the above exception is therefore inapplicable.
 {¶ 10} R.C. 2744.01(C)(2)(e) classifies "[t]he regulation of the use of, and the maintenance and repair of, roads, highways, streets, avenues, alleys, sidewalks, bridges, aqueducts, viaducts, and public grounds" as a governmental function. R.C.2744.01(G)(2)(c), in contrast, defines the "establishment, maintenance, and operation of a utility" as a proprietary function. In its motion for summary judgment, the City contended that it sought to fill the vault as part of its endeavor to repair the sidewalk on top of that vault, and that it was therefore engaged in a governmental function pursuant to R.C.2744.01(C)(2)(e). In its response to that motion, Appellant maintained that the City was actually performing a task relating to its operation of an electric utility, and that it was therefore engaged in a proprietary function when it filled the vault, pursuant to R.C. 2744.01(G)(2)(c).
 {¶ 11} In support of its summary judgment motion, the City submitted the depositions of seven city employees. Two of those employees, Robert McMasters and Peter Bell, work for the City's engineering department. Both McMasters and Bell testified that the engineering department's decision to fill the vault was motivated by concerns that the sidewalk on top of the vault would collapse due to the weak condition of the vault's roof. None of the remaining deponents contradicted McMasters' and Bell's testimony that sidewalk safety concerns drove the decision to fill the fault.
 {¶ 12} In its response to the City's summary judgment motion, Appellant did not point to any evidence showing the existence of a genuine issue of material fact regarding the motivation behind the decision to fill the vault. Rather, Appellant argued that the engineering department's decision to fill the vault was, in effect, a decision to abandon the vault, made on behalf of the City's electric department.
 {¶ 13} The City has shown that, when it filled the vault, it acted with a purpose to repair the sidewalk. Appellant has not pointed to any evidence suggesting any other motive. The City's purpose to repair the sidewalk was wholly unrelated to the establishment, maintenance, or operation of its electrical utility. That a vault which may or may not have belonged to the City's electric department was necessarily involved in this undertaking does not transform the sidewalk repair project into a utility venture.
 {¶ 14} Because the City attempted to fill the vault adjacent to Falls Music in an effort to repair a sidewalk, it was performing a governmental function. See R.C. 2744.01(C)(2)(e). Therefore, the City's immunity is not subject to the exception provided by R.C. 2744.02(B)(2). Appellant's first assignment of error is overruled.
 Assignment of Error No. 2
"Assuming this court finds the city was engaged in a governmental function, the trial court erred in finding the city was not liable for its botched attempt to repair the sidewalk nuisance."
 {¶ 15} In its second assignment of error, Appellant argues that, even if the trial court was correct in its determination that the City was performing a governmental function and that the exception provided by R.C. 2744.02(B)(2) is therefore inapplicable, the trial court nonetheless erred, by failing to apply the exception to immunity provided by R.C. 2744.02(B)(3). We disagree.
 {¶ 16} R.C. 2744's third exception to immunity provides that: "* * * [P]olitical subdivisions are liable for injury, death, or loss to persons or property caused by their failure to keep public roads, highways, streets, avenues, alleys, sidewalks, bridges, aqueducts, viaducts, or public grounds within the political subdivisions open, in repair, and free from nuisance[.]" R.C. 2744.02(B)(3). Appellant maintains that the defective grate in the sidewalk amounted to a nuisance, and that the City only exacerbated that nuisance when it attempted to repair the sidewalk by filling the vault.
 {¶ 17} R.C. 2744.02(B)(3) is not applicable to this case, due to the absence of the causal relationship central to that exception. The record contains no evidence indicating that Appellant's property damage flowed from the City's failure to keep the sidewalk "open, in repair, and free from nuisance." As discussed in our analysis of Appellant's first assignment of error, the record shows that the damage flowed from the City's active efforts to repair the sidewalk.
 {¶ 18} Appellant's second assignment of error is overruled.
 III. {¶ 19} Both of Appellant's assignments of error are overruled, and the judgment of the Summit County Court of Common Pleas is affirmed.
Judgment affirmed.
The Court finds that there were reasonable grounds for this appeal.
We order that a special mandate issue out of this Court, directing the Court of Common Pleas, County of Summit, State of Ohio, to carry this judgment into execution. A certified copy of this journal entry shall constitute the mandate, pursuant to App.R. 27.
Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run. App.R. 22(E). The Clerk of the Court of Appeals is instructed to mail a notice of entry of this judgment to the parties and to make a notation of the mailing in the docket, pursuant to App.R. 30.
Costs taxed to Appellant.
Exceptions.
Slaby, J., and Matchelder, J., Concur.