OPINION
{¶ 1} This is an accelerated calendar case submitted on the record and the brief of appellant, Stewart Title Guaranty Co. ("Stewart Title"). Appellee, State Farm Insurance Companies ("State Farm"), has not filed a brief. Stewart Title appeals from the judgment entered by the Lake County Court of Common Pleas. The trial court denied Stewart Title's motion for summary judgment and granted State Farm's motion for summary judgment.
 {¶ 2} In 1991, Paul and Barbara Dolan ("Dolans") purchased a residence from Steven and Denise Peda ("Pedas"). Before the purchase of the property, the Dolans purchased a title insurance policy from Stewart Title. They also purchased a homeowner's policy from State Farm.
 {¶ 3} In April 1991, also before the property was purchased, a mortgage location survey was conducted by Crabb's Surveying Service. This survey did not reveal any apparent encroachments or boundary line disputes.
 {¶ 4} In 1996, the Dolans sold the residence to David Fischer ("Fischer"). Fischer discovered that the garage encroached onto an adjoining property and needed to be removed. Fischer filed suit against the Dolans. The Dolans sought coverage from Stewart Title under the title insurance policy, but Stewart Title denied coverage based on an exclusion in the policy.
 {¶ 5} Fischer obtained a judgment of $19,899.09 against the Dolans. State Farm paid this judgment in full on behalf the Dolans. State Farm then brought the instant action against the Pedas, Stewart Title, Crabb's Surveying Service, and Campbell Associates, Inc. All of the defendants except Stewart Title have been dismissed and are not parties to this appeal.
 {¶ 6} The title insurance policy issued to the Dolans from Stewart Title contained the following language:
 {¶ 7} "This policy does not insure against loss or damage (and the Company will not pay costs, attorneys' fees or expenses) which arise by reason of:
 {¶ 8} "* * *
 {¶ 9} "3. Encroachments, overlaps, boundary line disputes, or other matters which would be disclosed by an accurate survey or inspection of the premises."
 {¶ 10} The trial court ruled that the term "survey" was ambiguous, because it could either mean a mortgage location survey or a boundary line survey. After finding that the term was ambiguous, the trial court construed the term in favor of the Dolans, as the insured. The trial court held that, since the term survey could mean mortgage location survey, Stewart Title wrongfully denied coverage to the Dolans.
 {¶ 11} The trial court then entered summary judgment in favor of State Farm.
 {¶ 12} Appellant raises the following assignment of error:
 {¶ 13} "The trial court erred to the prejudice of defendant-appellant Stewart Title in overruling its motion for summary judgment, granting the cross-motion of plaintiff- appellee State Farm for summary judgment, and awarding damages thereon."
 {¶ 14} Pursuant to Civ.R. 56(C), summary judgment is appropriate when there is no genuine issue of material fact and the moving party is entitled to judgment as a matter of law.[1] The standard of review for the granting of a motion for summary judgment is de novo.[2]
 {¶ 15} The narrow issue in this case is whether the term "survey," as included in the insurance policy issued by Stewart Title, is ambiguous. For the following reasons, we hold that it is not.
 {¶ 16} "A mortgage location survey is made at the request of the lender and/or title insurer for purpose of confirming the location of the improvements on the property and is `solely for the intent of and use by the mortgagee and/or title insurer.'"[3] The Tenth District went on to indicate that a boundary line survey would be an appropriate survey to confirm the correct boundary lines.[4]
 {¶ 17} A mortgage location survey is required to include the following disclaimer: "A statement shall appear on the plat indicating that the survey is a mortgage location survey prepared in accordance with Chapter 4733-38 of the Administrative Code, and is not a boundary survey prepared pursuant to Chapter 4733-37 of the Administrative Code."[5]
 {¶ 18} The section of the administrative code regarding boundary surveys states, "[t]hese rules [standards for boundary surveys] are intended to be the basis for all surveys relating to the establishment or retracement of property boundaries in the state of Ohio."[6]
 {¶ 19} It is clear from the preambles of the Administrative Code sections cited above, that a mortgage location survey is only for the intent and use of a mortgagee or title insurer, while a boundary survey is to be used to establish boundary lines. The policy exemption at issue in this case specifically excluded "encroachments, overlaps, and boundary line disputes." It is apparent from the context and language of the document that only a boundary line survey would be sufficient.
 {¶ 20} Clearly a mortgage loan survey would not necessarily discover the specific exclusions relating to boundary lines in the policy. In this case, a mortgage loan survey was conducted, and it did not reveal the encroachment. Yet, boundary line surveys eventually revealed the existence of the encroachment.
 {¶ 21} The language of the mortgage location survey that was conducted by Crabb's Surveying Service contains the following language:
 {¶ 22} "This is a Mortgage Location Survey prepared in accordance with Chapter 4733-38, Ohio Administrative Code, and is not a boundarysurvey pursuant to Chapter 4733-37, Ohio Administrative Code.
 {¶ 23} "This inspection plat was prepared for identification purposes only for the mortgagee in connection with the loan policy and is not intended or represented to be a land or property line survey. For the purposes of determining encroachments, overlaps, boundary line disputes, etc. the property owners should have an accurate stake survey made by a registered surveyor or engineer." (Emphasis added.)
 {¶ 24} The first disclaimer is required by law.[7] The second disclaimer clearly stated that the survey was insufficient to determine encroachments, overlaps, or boundary line disputes.
 {¶ 25} The Supreme Court of New Jersey has held that a survey exception, verbatim to the survey exception in this case, is neither vague nor unenforceable.[8] The court went on to state:
 {¶ 26} "Whatever else the phrase `other matters' might mean in a survey exception, it clearly refers to the dimensions of the lot lines and the size of the lot. The size of a tract simply cannot be ascertained with any certainty from a search of public records alone. The reason is that land exists on the ground, not on paper. When a description refers to a point in the line of another, only a survey can reveal the actual size of a piece of property and the amount of land included in a deed."[9]
 {¶ 27} Title insurance insures record title. The purpose of title insurance is to ensure that there are no outstanding claims to the property. The survey exception included in the policy was there to inform the insured that Stewart Title does not insure against boundary disputes or encroachments such as the on that has arisen. The exception excludes boundary line disputes, regardless of whether a survey was, in fact, conducted.
 {¶ 28} When read in context with the language of the exclusion, the term survey was not ambiguous. It was intended to mean boundary line survey, because legally, only a boundary line survey would necessarily reveal the matters in the exclusion; i.e., encroachments and boundary line disputes. Since the term "survey" as used in the exclusion was not ambiguous, State Farm was not entitled to judgment as a matter of law. Therefore, Stewart Title's assignment of error has merit.
 {¶ 29} The judgment of the trial court entering summary judgment in favor of State Farm is reversed. In addition, the judgment of the trial court denying Stewart Title's motion for summary judgment is reversed. Finally, as there are no genuine issues of material fact and Stewart Title is entitled to judgment as a matter of law, this court enters judgment granting Stewart Title's motion for summary judgment.
DONALD R. FORD and DIANE V. GRENDELL, JJ., concur.
[1] Dresher v. Burt (1996), 75 Ohio St.3d 280, 293.
[2] Grafton v. Ohio Edison Co. (1996), 77 Ohio St.3d 102, 105.
[3] Parahoo v. Mancini (Apr. 14, 1998), 10th Dist. No. 97 APE08-1071, 1998 Ohio App. LEXIS 1630, at *30, quoting Ohio Adm. Code 4733-38-01.
[4] Id.
[5] Ohio Adm. Code 4733-38-05(O).
[6] (Emphasis added.) Ohio Adm. Code 4733-37-01.
[7] See Ohio Adm. Code 4733-38-05(O).
[8] Rogge v. Chelsea Title Guar. Co. (1989), 116 N.J. 517,532, 562 A.2d 208, 216.
[9] Id.