{¶ 34} I respectfully dissent from the majority's decision to affirm the trial court's grant of summary judgment based, in part, upon the failure of Appellant to establish it is the real party in interest. While I do not disagree with the majority's rejection of Appellant's lack of properly authenticated documentary evidence to prove its status as assignee, I do not believe such issue was properly raised by Appellee. As noted by the majority in its citation to Dresher v.Burt (1996), 75 Ohio St. 3d 280, the party seeking summary judgment, on the ground that the non-moving party cannot prove it's case, bears the initial burden of informing the trial court of the basis for the motion, and identifying those portions of the record that demonstrate the absence of a genuine issue of material fact. Appellee's motion merely asserted Appellant had failed to provide Appellee discovery requested on this issue, thus, Appellee alleged Appellant was not the real party in interest.
 {¶ 35} Appellee's allegation, however, is not based on his own personal knowledge, nor is there any evidence in the record to support it. Appellee's assertion is pure speculation at this point. While Appellee could have sought compliance with his discovery requests, Appellant's failure to respond to discovery is insufficient to meet Appellee's burden of establishing a record basis for this portion of his summary judgment motion. While I agree Appellant must prove it is the real party in interest to ultimately prevail, the time to do so is either at trial or when the issue is properly raised at summary judgment. Having concluded Appellee has not met his burden in properly raising this issue in his summary judgment motion, Appellant must not be denied the opportunity to prove its standing as assignee at trial. *Page 15 
 {¶ 36} I also respectfully dissent from that potion of the majority's opinion which finds Appellant failed to offer admissible evidence as to its account stated. I disagree with Appellee's argument Appellant must prove its account from a zero balance in order to prove an account stated. Appellee's summary judgment motion challenged only the amount due and owing. In his affidavit, Appellee specifically denied owing the balance claimed by Direct Merchants Credit Bank. Significantly, Appellee did not deny he had a credit card account with Direct Merchants Credit Bank nor deny there was a balance owing.[6]
 {¶ 37} Appellee argued in his motion for summary judgment Appellant failed to provide him, through discovery, any documentary evidence showing the starting balance of the account (zero or other provable sum), listed items and dates representing purchases, charges, debts or credits, or any summarization which permits calculation of amounts due. Again, the failure to provide discovery is not sufficient to establish an account stated claim does not exist. Given Appellee's implicit recognition of a balance owing to Direct Merchants Credit Bank, I believe there exists a genuine dispute as to the amount owing but not as to the existence of the account stated. Accordingly, it was premature to grant summary judgment.
[6] While Appellee referenced Appellant's "Duplicate Statement", he never specifically challenged the authenticity or admissibility.